[No. 13073.   Department One. — April 27, 1892.]

## D. McMILLAN, Respondent, v. L. A. HAYWARD, Administrator, etc., et al., Appellants.

Foreclosure of Mortgage — Estates of Decedents — Statute of Limitations — Death after Maturity of Note. — An action to foreclose a mortgage, commenced neither within four years after the maturity of the note, nor within one year after the issuance of letters of administration upon the estate of the deceased mortgagor, who died after the maturity of the note, and after the statute of limitations had commenced to run, is barred by section 337 of the Code of Civil Procedure, and the right of action is not saved by section 353 of that code.

Id. — Extension of Limitation — Object of Statute Allowing One Year after Letters. — The purpose of section 353 of the Code of Civil Procedure is to secure to a party who has a cause of action against a decedent one year after the appointment of a legal representative within which to bring his action, though the general limitation may have expired, and not to shorten the time limited by the general statute; and it does not have, and was not intended to have, any effect whatever upon his rights, where the general statute has not barred the right of

action, and where it is not necessary to extend the time in order to give him his year, but in such case he is simply left to the general statute.

ID. — WAIVER OF RECOURSE UPON ESTATE — NOTICE TO CREDITORS. — Where, upon the foreclosure of a mortgage, it appears that no claim was presented against the estate of the deceased mortgagor, and in the complaint all recourse against any other property of the estate is expressly waived, the fact that notice to creditors was not published by the executrix cannot alter the rights of the mortgagee, nor affect the general statute of limitations.

EXECUTORS AND ADMINISTRATORS — AUTHORITY OF EXECUTRIX AFTER MARRIAGE. — The authority of an executrix does not cease *ipso facto* upon her marriage, but she merely becomes incompetent, and liable to removal, and her powers as executrix continue until her removal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*James F. Tevlin,* Guardian ad Litem, and *R. Percy Wright,* for Appellants.

A vacancy in the administration of the estate of a deceased person, or the absence of a personal representative, does not stop the running of the statute of limitations on a cause of action which accrued before the death of such person, unless there is some statutory restraint or obstacle to the commencement of the action. (Angell on Limitations, sec. 56; *Pendleton* v. *Andrews,* 70 Ga. 306; *Boatwright* v. *Boatwright,* L. R. 17 Eq. 76; *Handy* v. *Smith,* 30 W. Va. 195; *Wenman* v. *Mohawk Ins. Co.,* 13 Wend. 269; 28 Am. Dec. 464; *Branch Bank* v. *Donelson,* 12 Ala. 742; *Peck* v. *Randall's Trustees,* 1 Johns. 165; *Pipkin* v. *Hewlett,* 17 Ala. 291; *Granger* v. *Granger,* 6 Ohio, 42; *Byrd* v. *Byrd,* 28 Miss. 151; *Dekay* v. *Darrah,* 14 N. J. L. 294; *Ruff* v. *Bull,* 7 Hare, 16; *Tynan* v. *Walker,* 35 Cal. 646.) The marriage of the executrix, Annie Scherf, did not *ipso facto* cause a vacancy in the administration of the estate of Franz Scherf, deceased; it simply afforded ground for her removal from the office of executrix. (*Schroeder* v. *Superior Court,* 70 Cal. 343.) Statutes of limitation are favored in the law, and are to be applied in the same manner as any other statute. (*Wood* v. *Carpenter,* 101 U. S. 139.)

*D. H. Whittemore*, and *W. B. Tyler*, for Respondent.

The object of section 353 was, not to curtail, but to prolong the period for suing in the given category. (*Hall* v. *Smith*, 19 Cal. 86; *Lowell* v. *Kier*, 50 Cal. 646; *Harris* v. *Rice*, 66 Ind. 267.)     As the administrator was removed, the statute of limitations was interrupted, and the claim was not barred. (*Smith* v. *Brown*, 101 N. C. 347.)

Temple, C. — Defendants appeal from the judgment against them within sixty days; and the point made here is, that the finding to the effect that the cause of action was not barred by the statute of limitations is not sustained by the evidence, and is contrary to the other findings of fact.

It appears that, May 8, 1873, Frank Scherf executed a note secured by mortgage, which became due one year from the date thereof; that the mortgagor died testate, November 15, 1875, and January 11, 1876, his widow was appointed executrix and duly qualified.     March 5, 1878, she married again, and her letters testamentary were revoked July 15, 1887.     No notice to creditors was published by her.

Hayward was appointed administrator with the will annexed, September 6, 1887, and this suit was commenced September 14, 1887, against the administrator and the minor children of Scherf, his devisees, to foreclose the mortgage.     No claim was ever presented against the estate for the amount due on the note and mortgage, and in the complaint all recourse against other property of the estate is expressly waived.

The defense is the bar of the statute of limitations (Code Civ. Proc., sec. 337), which we think is fully sustained by the facts as above recited.

Respondent, however, claims that his rights are saved by section 353 of the Code of Civil Procedure, which provides: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action

survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

Scherf died after the maturity of the note. The statute had therefore commenced to run, and would continue to run unless the case is brought within some express exceptions of the statute, and death is not made such, further than that the suitor may in such case commence his action within one year after letters are issued. This action was commenced neither within four years after the maturity of the note, nor within one year after letters were issued.

Respondent contends that inasmuch as the executrix married about eighteen months after her appointment, but before the bar of the statute would have attached had Scherf lived, her authority ceased *ipso facto*, and suit could not have been brought to foreclose the mortgage until her successor was appointed; therefore, since this statute was intended to extend and not to shorten the time, he had one year after the appointment of Hayward within which to begin his action.

The evident purpose of section 353 is to secure to a party who has a cause of action against a decedent one year after the appointment of a legal representative within which to bring his action. This may or may not have the effect of extending the time. If it be necessary in order that such person shall have one year after the appointment of a legal representative, then suit may be brought after the expiration of the general limitation; otherwise this section does not have, nor was it intended it should have, any effect whatever upon his rights. Such construction does not shorten his time, as limited by the general statute. It simply leaves him to that statute, because it was not necessary to extend the time in order to give him his year.

The executrix had been acting as such more than one year before she remarried,—long enough to have completed the administration and obtained her discharge.

Had she done so, could respondent have asked to have the administration reopened that he might have his time extended? In this respect he does not differ from any claimant against an estate. The fact that notice to creditors was not published cannot affect him, since he did not present his claim for allowance, and the giving or the not giving of that notice does not affect the general statute of limitations. That is simply of probate procedure.

Indeed, respondent's case differs in no respect, so far as this aspect of it is concerned, from that of any other creditor of an estate. Any one is liable to lose a part of the period allowed by the statute of limitations for the commencement of his action if the other party dies. In case of judgments, the statute, in effect, says that he may sue at any time within five years. But if his debtor die, he may be forced to present his claim within four months, and bring his suit within three months thereafter. He might as reasonably as the plaintiff claim the right to revive the administration and bring his action after such periods.

But we think the respondent mistaken in supposing that the authority of the executrix ceased upon her marriage.

In *Schroeder* v. *Superior Court*, 70 Cal. 343, this court held that the authority of the executrix does not cease *ipso facto* upon her marriage, but that she merely became incompetent, and may be proceeded against for removal, giving her an opportunity to admit or deny the marriage. The court say: "Are all the acts of an executrix who has secretly married, or married without the fact having reached the knowledge of the judge, absolutely void? If so, they are void, and may be attacked or disregarded after a final accounting and discharge. It would be difficult to distinguish between one never competent to serve as executrix and one whose capacity to serve as such has become extinguished. But if one originally appointed executrix was in fact under age or a convict, she is clothed with all the powers of the

office until she is suspended, or by proper proceedings removed. Does a different rule obtain where, by reason of an act done *in pais*, one originally competent has made herself incompetent?"

This case was recognized, and its authority conceded, in *In re Allen*, 78 Cal. 581.

The powers of the executrix, therefore, continued until her removal, more than eleven years after her appointment, and respondent had his full time within which to commence his action.

Since the plaintiff did not present his claim to the executrix, and in his complaint waives all recourse except as against the mortgaged premises, it may be doubted whether his cause of action would come within the section discussed, if that had made any difference. But it is not necessary to decide such question, and it is only mentioned to prevent possible misapprehension.

We think the judgment should be reversed and a new trial had.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and a new trial ordered.