WHITESIDE, APPELLANT, *v.* CATCHING, RESPONDENT.

[Submitted April 12, 1897.  Decided April 26, 1897.]

### *Statute of Limitation—Death of Debtor—Action against Administrator on Judgment.*

STATUTE OF LIMITATION—*Action on Judgment.*—Under Compiled Statutes, 1887, an action on a judgment must be commenced within six years, save when the time is extended by section 52, Code of Civil Procedure.

SAME—*Death of Judgment Debtor.*—The statute of limitation does not cease to run on account of the death of the judgment debtor, except that the time between his death and the granting of letters of administration is not to be counted as part of the six years.

*Appeal from District Court, Granite County.   Theodore Brantley, Judge.*

ACTION by Andrew J. Whiteside against W. E. Catching, administrator of the estate of Joel P. Catching, deceased. Judgment for defendant, from which, and from an order denying a motion for new trial, plaintiff appeals.   Affirmed.

Statement of the facts by the justice delivering the opinion.

The facts in this case were as follows:   The appellant, Whiteside, obtained a judgment against one Joel P. Catching on October 22, 1888.   On August 30, 1894, said Catching died, intestate.   On September 22, 1894, letters of administration were issued to W. E. Catching.   On November 9, 1894, said Whiteside presented his judgment as a claim against the estate to said administrator.   On the same day the administrator rejected it.   Appellant brought suit on the judgment against the administrator on February 7, 1895.   The answer of the administrator pleaded in bar the general statute of limitations.   Upon the trial the court held that the action was barred by the said statute of limitations.   The appeal is from the judgment and the order denying a motion for a new trial.

*Napton & Napton* and *O. B. O'Bannon*, for Appellant.

*E Scharnikow*, for Respondent.

BUCK, J.—The general statute of limitations (section 41, First Division of the Compiled Statutes 1887) prescribed six years as the period within which actions on judgments could be instituted. At the date of Joel P. Catching's death there remained, of the six years within which an action on the judgment against him could have been brought, one month and twenty-two days. There was no administration from the date of the judgment debtor's death on August 30th to September 22d, when letters of administration were issued,— a period of twenty-two days. Under section 52, First Division Compiled Statutes of 1887, this period of twenty-two days was excluded from the six years. Therefore, the judgment was not barred under the general statute of limitations until November 13, 1894. Appellant presented his claim to the administrator on November 9, 1894, and it was promptly rejected on that day. Suit was instituted on February 7, 1895. Under the general statute of limitations (section 41, *supra*), the action instituted on February 7, 1895, was clearly barred.

Appellant insists, however, that the general statute (section 41, *supra*) was superseded by section 155, Second Division Compiled Statutes of 1887, which provided that a suit should be brought on a claim rejected by an administrator within three months after its rejection. The only question in the case is whether or not said section 155 takes the place of section 41. The case of *Quivey* v. *Hall,* 19 Cal. 98, is cited. In that case, the Supreme Court of California, having under consideration statutes somewhat similar to the Montana probate statutes of 1887, said: "The statute substituted the presentation of the claim for suit. \* \* \* But the right to sue does not come from the existence of the claim and the nonpayment. It comes from the refusal of the executor to acknowledge it as a just claim against the estate. This right, therefore, does not accrue until the presentation of the claim, and the party is not bound to present it until after publication of the notice required by the statute." The record in the case of *Quivey* v. *Hall* failed to show that any notice to creditors

had ever been published; and it appears that no letters of administration had been issued upon the judgment debtor's estate for four years and some ten months subsequent to his death. Excluding that time from the period of five years within which the action could have been instituted on the judgment, it is manifest that the general statute of limitations in force in California at the time had not run its full course. The case was no doubt correctly decided, but with the above reasons assigned for the decision, in so far as they support appellant's contention, we cannot agree. A very late California case (*McMillan* v. *Hayward*, 94 Cal. 357, 29 Pac. 774, decided in 1892, under statutes almost identical with those in force when *Quivey* v. *Hall* was decided, and substantially the same as the Montana probate statutes of 1887) virtually overrules *Quivey* v. *Hall*. In this case the court held that a suit on a judgment rendered in the lifetime of a decedent was barred by the general statute of limitations, and this, too, although it was conceded that the executrix had not published notice to creditors. The court even said upon this question of notice: "The giving or the not giving of that notice does not affect the general statute of limitations. That is simply of probate procedure." At common law the death of the debtor did not stop the running of the statute of limitations. The Compiled Statutes of 1887 nowhere expressly provided that upon the death of a debtor the general statute of limitations should cease to run on a claim against the estate. They did not contain section 543 of the Code of Civil Procedure of 1895, which allows a judgment creditor one year after decedent's death for the commencement of an action on his claim. The California statutes, however, contained this provision both at the time when *Quivey* v. *Hall, supra,* and when the decision in *McMillan* v. *Hayward* were rendered. Section 162, Second Division Compiled Statutes of 1887, does forbid an execution to be issued on a judgment rendered against a decedent when alive, save in special cases. But we do not think it can be reasonably inferred that it was the intention of the legislature, in the enactment of section 162, *supra,* and

the other sections regulating estates of decedents, to interfere
in any manner with the running of the periods prescribed by
the general statute of limitations within which actions could
be commenced.   Appellant had from the 21st day of September
until the 13th day of November  within which to present
his claim to the administrator.   He even had three days after
its rejection in which to institute his suit.   There is no sug-
gestion whatsover of bad faith on the part of the administrator
in reference to the action he took on the claim presented to
him.   The appellant is in no position to complain of the law.
He · must suffer from his own neglect.   The judgment is af-
firmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.