DAVIS, APPELLANT, *v.* ESTATE OF DAVIS ET AL., RESPONDENTS.

(No. 4,373.)

(Submitted November 11, 1919. Decided November 22, 1919.)

[185 Pac. 559.]

*Executors and Administrators—Claims Against Estates—Presentation—Notice—Statute of Limitations—Statutes.*

Limitation of Actions—Interruption by Death of Debtor—Effect.

1. Where the statute of limitations has commenced running against a promissory note during the lifetime of the maker, it is interrupted only from the date of his death until the appointment and qualification of a legal representative, and then continues to run unless stayed by statute.

[As to limitation of actions against estates of decedents before administration granted, see note in 65 **Am. Dec.** 594.]

Same—Common-law Rule.

2. At common law, the death of the maker of a note did not stop the running of the statute of limitations.

Executors and Administrators—Claims Against Estate—Presentation—Notice.

3. Creditors of an estate may present their claims for payment, before formal notice for presentation of claims is given, or if no notice at all is given, the administrator or executor, when qualified, having authority to pass upon claims against the estate in either event.

Same—Claims Against Estate—When Barred by Statute of Limitations.

4. Section 6445, Revised Codes, fixes the period of limitation within which an action upon an instrument in writing may be commenced, at eight years. Plaintiff's testate died in 1898, leaving two promissory notes due the former unpaid. Plaintiff was appointed executor

of the estate and within the time allowed for that purpose, presented his claim to the district judge for allowance or rejection. The claim was rejected in 1917 and action commenced on it within three months after rejection. Under section 7528, Revised Codes, a claimant against an estate may, upon nonaction by the representative of the estate or the court, deem the claim rejected on the tenth day after presentation and commence suit. *Held,* under the rule declared in paragraph 1, *supra,* that the action was barred.

Same—Presentation of Claim—Powers of Executor or Administrator.
    5. Under section 7528, Revised Codes, when a claim against an estate is presented before the time limited for its presentation has expired, it may nevertheless be acted upon by the administrator or executor, after the expiration of that period.

*Appeals from District Court, Silver Bow County; E. M. Lamb, Judge.*

Action by George Wesley Davis against the estate of Theah Jane Davis, deceased, and another. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Affirmed.

*Messrs. Frank & Gaines,* for Appellant, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

*Mr. W. D. Kyle* and *Mr. J. A. Poore,* for Respondents, submitted a brief; *Mr. Poore* argued the cause orally.

The death of the maker of the notes in question did not have the effect, of itself, of tolling the general statute of limitations when the statute had commenced to run prior to her death, and neither did the presentation of the claim to the judge for allowance stop the running of this statute. (*Whiteside* v. *Catching,* 19 Mont. 394, 48 Pac. 747; *Barclay* v. *Blackinton,* 127 Cal. 189, 59 Pac. 834, 835; *McMillan* v. *Hayward,* 94 Cal. 357, 29 Pac. 774; *Bank of Montreal* v. *Buchanan,* 32 Wash. 480, 73 Pac. 482; *Morse* v. *Clark,* 10 Colo. 216, 14 Pac. 327, 328; *Woods* v. *Woods,* 99 Tenn. 50, 41 S. W. 345; *Viskniskki* v. *Bleakley,* 88 Ill. App. 613; *MacNeill* v. *Gallagher,* 24 R. I. 490, 53 Atl. 630; *Alvater* v. *First Nat. Bank,* 45 Colo. 528, 103 Pac. 378; *Boughner* v. *Sharp,* 144 Ky. 320, 138 S. W. 375; *McAuliff* v. *Parker,* 10 Wash. 141, 38 Pac. 744; *California Title Ins. & Trust*

*Co.* v. *Miller,* 3 Cal. App. 54, 84 Pac. 453; *Etter* v. *Finn,* 12 Ark. 632; 17 R. C. L. 850, sec. 211; 18 Cyc. 915, 930.)

"Nothing more is meant by the presentation of a claim than that the representative has been legally informed of the existence of the claim," and a mere demand will not toll the statute. (*Hanson* v. *Towle,* 19 Kan. 273, 278; *Barclay* v. *Blackinton, supra; Appeal of Keyser,* 124 Pa. St. 80, 2 L. R. A. 159, 16 Atl. 577; *Appeal of Reber,* 125 Pa. St. 20, 17 Atl. 189; *Prewett* v. *Goodlett,* 98 Tenn. 82, 38 S. W. 434, 437.)

It is contended by counsel for appellant in their brief that, with reference to the limitation of time for the commencement of action, the following construction should be placed upon our statutes:

"1. In suits arising *ex delicto* the general statutes of limitation for the commencement of such class of actions are operative without restrictions other than those imposed by sections 6460 and 6465, R. C. M. 1907, the latter suspending the running of the statutes during the period of time between death and issuance of letters of administration.

"2. In suits to foreclose mortgages upon real property the same rule obtains if the mortgagee proceeds solely against the mortgaged property of the decedent, waiving recourse against his other property (secs. 7525 and 7532, Rev. Codes). Otherwise, suits to establish claims presented and founded upon real estate mortgages are covered by the provisions of sections 7522 and 7542 and as next announced.

"3. In suits arising *ex contractu,* the general statutes of limitations cease to run during the period of time between death and, certainly, the issuance of letters of administration, and, we contend, also until publication of notice to creditors (for a claim presented before notice is premature) (secs. 6465 and 7532, *supra;* sec. 52, 1 Div.; sec. 157, 2 Div. Comp. Stats. 1887), after which time the general statutes of limitation continue to run against a demand until presentation, thus giving effect both to the general statutes and to sections 7528, and 7531, Rev. Codes.

"It then becomes incumbent upon the claimant to present his claim both within the period of time prescribed by the general statutes of limitations and also within the time limited by notice (sec. 7525, *supra*). At this point ,the general statutes of limitations cease to operate, and whatever conflict there may be between the special and general statutes, either shortening or extending the period prescribed by the general statutes, must be resolved in favor of the special limitations."

With the first and second propositions, we are not concerned, because not involved in this action.

As to the third proposition of construction contended for by appellant, we cannot agree. The statute does cease to run during the time that there is a vacancy in the administration, because of the provisions of section 7533. The statute does not cease to run "until publication of notice to creditors," because there is no statutory provision to that effect, nor has any decision been cited holding that such is the law, and the law is to the contrary. "Failure to give the notice (to creditors) required by the statute does not affect the running of the general statute of limitations." (18 Cyc. 922, 923; *Whiteside* v. *Catching, supra; McMillan* v. *Hayward, supra.*) And a claim may be presented before notice to creditors is given. (18 Cyc. 470; *Ricketson* v. *Richardson,* 19 Cal. 330, 354; *Janin* v. *Browne,* 59 Cal. 37, 43.) The statute of limitations does not cease to run "upon presentation of the claim," because the statute does not so provide; on the contrary, the statute provides that upon presentation and allowance the statutes of limitation cease to run against the claim (sec. 7592, and cases heretofore cited).

As sustaining their position, counsel have cited the following cases: *Ellissen* v. *Halleck,* 6 Cal. 386; *Beckett* v. *Selover,* 7 Cal. 215, 229, 68 Am. Dec. 237; *Pico* v. *De La Guerra,* 18 Cal. 422; *Quivey* v. *Hall,* 19 Cal. 97, 98; *Willis* v. *Farley,* 24 Cal. 490, 491; *Nally* v. *McDonald,* 66 Cal. 530, 6 Pac. 390; *In re Higgins' Estate,* 15 Mont. 474, 28. L. R. A. 116, 39 Pac. 506; *In re Tuohy's Estate,* 33 Mont. 230, 83 Pac. 486; *Clifton* v. *Meuser,* 79 Kan. 655, 100 Pac. 645; *Frew* v. *Clark,* 34 Wash.

561, 76 Pac. 85; *In re Morgan's Estate,* 46 Or. 233, 77 Pac. 608, 78 Pac. 1029. These cases are either inapplicable under our Code sections, present dicta, or were decided under a different state of facts.

Counsel for appellant contend that section 7528 has no application whatever to the claim of an executor or administrator, and that he is not given the election to consider his claim rejected, if the judge refuses or neglects to indorse his allowance or rejection for ten days after the claim has been presented to him, and that he is prohibited from suing, under the provisions of section 7542, until his claim is actually rejected by the judge. We have found no case decisive of this point, but we are confident it was not the intention of the legislature in enacting these statutes to take from the executor or administrator any right given to an ordinary claimant, or not to give to the executor or administrator the same rights that any other claimant has.

MR. JUSTICE HURLY delivered the opinion of the court.

Plaintiff sued to recover upon two promissory notes, for $15,000 each, dated, respectively, June 1, 1895, and June 1, 1896, each due one year after date, with interest at ten per cent per annum, alleged to have been executed by Theah Jane Davis, the mother of plaintiff; no part of either of said notes having been paid.

It is alleged in the complaint that Theah Jane Davis died testate on or about February 12, 1898, her will admitted to probate, and plaintiff appointed as executor thereof on June 25, 1898; that after qualifying as executor, and under date of June 28, 1898, notice to creditors was given requiring them to present their claims within ten months after the first publication of such notice; that within the time limited plaintiff duly made and verified his claim against the estate in the then amount of $40,125, and on or about April 18, 1899, presented the same to Honorable John Lindsay, the then judge of the said court, for allowance or rejection; that the First National Bank of Butte,

another creditor of the estate, made and filed objections to the
allowance of the said claim, and that thereafter, and in the
month of November, 1917, the said claim and the objections
thereto came up for hearing before the court, Honorable John
V. Dwyer, judge presiding, and that on or about December 22,
1917, an order was made sustaining the objections to the allow-
ance thereof; and that this action is brought within three
months after the disallowance of the claim.  The estate and
the bank are made parties defendant.

The defendants deny the execution and delivery of the notes.
As further defenses, the defendants allege that plaintiff's claim
is barred by the provisions of sections 6445, 6460, 7528 and
7530 of the Revised Codes, and also by similar provisions of
the Code of Civil Procedure of 1895; *i. e.*, sections 512, 543,
2606 and 2608.  The answers also allege laches in not taking
action upon the claim for more than seventeen years after its
presentation, during which period persons cognizant of the
facts connected with the claim have died; that the claim is with-
out consideration and void; that, in consideration of the other
heirs at law of the deceased not contesting the will, plaintiff
had agreed not to present this claim against the estate; and
that the claim was presented for the purpose of defeating the
claim of the bank.  The answers further allege abandonment
of the claim, undue influence and misrepresentation in procur-
ing the execution of the notes.  There was reply to the answers.

Introductory of the Code provisions relating to the limitation
of actions, section 6428, Revised Codes, provides: "Civil actions
can only be commenced within the periods prescribed in this
title, after the cause of action shall have accrued, except where,
in special cases, a different limitation is prescribed by statute."

The limitation periods fixed, with some exceptions not impor-
tant here, are: Within eight years upon any contract, obliga-
tion or liability founded upon an instrument in writing.  (Sec.
6445.)

"Sec. 6460.  *  *  *  If a person against whom an action
may be brought dies before the expiration of the time limited

for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.''

''Sec. 7528.  When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof.  If he allow the claim, it must be presented to the judge for his approval, who must in the same manner indorse upon it his allowance or rejection.  If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a rejection on the tenth day.  *  *  *  If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time.''

''Sec. 7530.  When a claim is rejected either by the executor or administrator, or the judge, the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred.''

''Sec. 7531.  No claim must be allowed by the executor or administrator, or by the judge, which is barred by the statute of limitations.  When a claim is presented to a judge for his allowance he may, in his discretion, examine the claimant and others on oath and hear any legal evidence touching the validity of the claim.''

''Sec. 7542.  If the executor or administrator is a creditor of the decedent, his claim duly authenticated by affidavit must be presented for allowance or rejection to the judge, and its allowance by the judge is sufficient evidence of its correctness, and must be paid as other claims in due course of administra-

tion. If, however, the judge reject the claim, action thereon may be had against the estate by the claimant,'' *etc.*

It is a general rule that, the statute having commenced to [1] run against a claim during the lifetime of the maker, it is interrupted only from the date of his death until the appointment and qualification of a legal representative, and then continues its onward course unless stayed by statute. (Wood on [2] Limitations, 4th ed., secs. 117–194.) At common law the death of the maker did not stop the running of the statute of limitations. (*Whiteside* v. *Catching,* 19 Mont. 394, 48 Pac. 747; *Walden* v. *Gratz,* 1 Wheat. 292, 4 L. Ed. 94 [see, also, Rose's U. S. Notes] ; *McAuliff* v. *Parker,* 10 Wash. 141, 38 Pac. 744.)

Appellant relies upon the provision found in section 7528, [3, 4] *supra,* that ''if the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge after the expiration of such time,'' and the provisions of section 7530, *supra,* and contends that by reason of these two sections the creditor is allowed three months after the rejection in which to commence an action thereon, even though the claim would otherwise be barred by the general statute.

Numerous instances are cited in appellant's brief which it is stated might cause hardship to creditors, where, by reason of delay in appointing an administrator or his failure to give notice to creditors promptly, a claim might be barred by the general statute unless the rule is as he contends. These suppositious cases are based upon the theory, however, that a claim may not be presented before notice to creditors is given. The notice is merely given for the convenience of creditors and for limiting the time for presenting claims, so that the administrator may close the estate, and there is nothing in the statute to prevent a creditor from presenting his claim as soon as the administrator has been appointed and qualified. There is no

valid reason requiring the creditor, after the appointment of an administrator, to sit by and permit the statute to run against his claim merely because the administrator neglects to give notice to creditors. When the administrator has qualified, he is clothed with full authority to pass upon claims against the estate, whether or not such notice has been given. (*Ricketson* v. *Richardson,* 19 Cal. 330, 354; *Janin* v. *Browne,* 59 Cal. 37, 43; *Field* v. *Field,* 77 N. Y. 294.)

The provisions of section 6460, *supra,* permitting action at any time within one year after the appointment of an administrator, afford a creditor ample opportunity to present his claim, and to bring action thereon in case of its rejection, no matter how short the life of a claim may be at the time of the death of the debtor. The Codes do not provide for the giving of notice of rejection, but they furnish redress for one whose claim has not been acted upon, or who has not been informed of the action taken thereon, by permitting him to deem the same as rejected, at his option, upon the tenth day after presentation, and to then commence action. (Sec. 7528, *supra.*)

In *Barclay* v. *Blackinton,* 127 Cal. 189, 59 Pac. 834, the plaintiff, a creditor, commenced an action upon a rejected claim more than one year and seven months after the appointment of an administrator of the estate; the action being commenced October 22, 1897. By reason of the death of the debtor and the appointment of an administrator, the claim was barred under the general statute on March 2, 1897. The claim was presented to the administrator on June 11, 1896. The administrator kept the claim until August 16, 1897, when he returned it, with his indorsement in writing, rejecting it. The court held the claim barred by the statute of limitations, and that the plaintiff was guilty of laches. Some of the points discussed in that decision are not involved in the case before us, and we express no opinion upon them; but the following quotation from *Barclay* v. *Blackinton* is pertinent here: "It is said that under Code of Civil Procedure, section 1498, the plaintiff had three months after the claim was formally and officially rejected by the

administrator in which to bring his action. We do not so construe the statute. The section may shorten, but cannot be held to lengthen, the general statute of limitations. The special limitations of time within which suit must be brought against the estates of deceased persons are called in many states statutes of nonclaim, or of short or special limitation. These limitations exist independent of and collateral to the general law of limitations. (2 Woerner's American Law of Administration, sec. 400, and cases cited.) After the second day of March, 1897, the claim was barred by the statutes of limitations, and thereafter neither the administrator nor the court had the power to allow it. On the contrary, they were expressly prohibited from doing so. (Code Civ. Proc., sec. 1499.)   *   *   * If it was barred by the statute when rejected, it continued to be barred when suit was brought upon it. Any other construction would enable a claim against an estate to be kept alive for years, or until all the witnesses were dead, simply by the neglect of the administrator to act upon it. He might forget it, or by accident or negligence mislay it, and the estate be closed and distributed, and yet under the interpretation of the statute claimed by plaintiff suit could be brought upon it and the assets taken from the heirs, though years had passed. If the contention of plaintiff is correct, the administrator by his negligence could add over seven months to the general statutes of limitation. If he could add seven months, there is no reason why he could not add seven years, or any other time, in the same manner. The right of a claimant to enforce his claim under our statutes of limitations depends upon his own vigilance and is often lost by his own laches. We know of no principle that will preserve it by the carelessness or laches of the party against whom it is sought to be enforced." It may be noted that sections 1498 and 1499 of the California Code of Civil Procedure are similar to our sections 7530 and 7531 of the Revised Codes.

However, it is not necessary to cumulate citations, as this court, in the case of *Whiteside* v. *Catching, supra,* has clearly

and definitely spoken upon the subject. In that case a judgment had been obtained against a decedent in his lifetime, and at the date of his death, as stated in the opinion, there remained one month and twenty-two days in which an action upon the judgment might have been commenced. Twenty-two days after the debtor's death, an administrator was appointed. The court states that under the general statute the judgment would not have been barred until November 13, 1894. Appellant presented his claim to the administrator on November 9, 1894, and it was immediately rejected. Suit was instituted February 7, 1895, within three months after rejection, but after the time limited by the general statute. The action was held barred. (See, also, *Bank of Montreal* v. *Buchanan,* 32 Wash. 480, 73 Pac. 482.)

Appellant vigorously attacks the decision of this court in *Whiteside* v. *Catching, supra,* insisting that it was erroneously decided, and also that it has been overruled by the later case of *Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772. While it is true that in *Whiteside* v. *Catching* the opinion quotes incorrectly from the California cases therein referred to, and possibly made a slight mistake in stating the date when the claim in suit was barred by the statute, these errors amount to nothing more than mere clerical misprision, and do not affect the result reached, and we see no reason for now holding it was incorrectly decided.

In *Vanderpool* v. *Vanderpool, supra,* the language relied upon as overruling the decision in the *Whiteside-Catching Case,* is as follows: "Section 7525, Revised Codes, provides that: 'All claims arising upon contracts, whether the same be due, not due or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever.' These statutes of nonclaim are special in character; *they supersede the general statutes of limitations,* and compliance with their requirements is essential to the foundation of any right of action against an estate upon a cause of action which sounds in contract." In the foregoing statement there

is nothing inconsistent with the views expounded in *Whiteside* v. *Catching,* nor with the views here, and it is not necessary to give instances where the general statutes of limitation are superseded by the provision relating to probate procedure.

We think the language in section 7528, *supra,* relied upon **[5]** by appellant: "If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time"—means nothing more than that when a claim is presented before the time limited for its presentation has expired, it may nevertheless be acted upon by the administrator or executor after the expiration of that period.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY and COOPER concur.

