DAUGHTERS OF JESUS, a Montana Corporation, doing business as ST. JOSEPH'S HOSPITAL, Plaintiff and Respondent, v. HOWARD S. GEE and ROBERT F. GEE, Defendants and Appellants.

No. 11605.
Submitted June 12, 1969.
Decided July 16, 1969.
457 P.2d 471.

Hutton, Schiltz & Sheehy, John C. Sheehy (argued), Billings, for appellants.

Donald E. Ronish (argued), Lewistown, for appellee.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

Decedent's creditor recovered a personal judgment against decedent's heirs in the amount of $2,154.35 plus accrued interest

Decedent is Howard C. Gee, a Lewistown attorney, who died on September 4, 1964 following an extended hospitalization. Plaintiff is St. Peter's Hospital in Lewistown where decedent was hospitalized for approximately 3¾ years prior to his death. Defendants are Howard S. Gee and Robert F. Gee, the surviving adult sons and sole heirs at law of decedent.

Decedent was hospitalized in plaintiff hospital from December 12, 1960 until his death on September 4, 1964. On January 1, 1962 decedent owed plaintiff hospital a balance of $2,154.35 for hospitalization and professional care. Thereafter decedent's account with the hospital was handled in such a manner that his insurance policy, payments by the Fergus County Welfare Department, and payments of Old Age Assistance administered by the Welfare Department sufficed to cover his hospital bills incurred from January 1, 1962 to the date of his death. During this period Old Age Assistance in the amount of $3,056.00 was

paid and in addition the Fergus County Welfare Department paid plaintiff hospital the sum of $6,952.66.

Decedent's two sons were not living in Lewistown during the period of their father's hospitalization prior to his death, one being in Europe and one residing in North Dakota. They came to Lewistown in May, 1961, visiting their father in the hospital and conferring with a Lewistown attorney concerning their father's affairs. Thereafter they proceeded to handle their father's estate and business affairs during his lifetime without having been appointed his guardian, and after his death without administrators of his estate.

During this period of time their father's house was taken by a bank, apparently for mortgage indebtedness; his car was surrendered in satisfaction of a note; his law library was sold and his office equipment taken in connection with payments of back rent; his accounts receivable were turned over to the Credit Bureau of Lewistown for collection and the collections were at least partially applied to pay off other indebtedness of decedent; and on one account over $4,000 was collected and disbursed with the sons receiving part of the proceeds.

After disbursements on decedent's indebtedness, the sons still have remaining approximately $2100 which they hold individually. No purpose would be served in detailing the specific of these various transactions; suffice it to say that there were numerous transactions involving the transfer and disbursement of the assets of their father's estate by the sons both before and after his death, all without the benefit of guardianship or probate proceedings.

On October 20, 1966 plaintiff hospital filed the instant case against decedent's two sons and sole heirs at law to collect the unpaid hospital bill of $2,154.35 with accrued interest. The theory on which recovery was sought was that the sons intermeddled with and dissipated the assets of decedent's estate to the point where the remaining assets were insufficient to satisfy plaintiff's claim; that in so doing they rendered themselves

personally liable for payment as involuntary trustees for the benefit of plaintiff as a creditor of decedent.

Trial was held before the district court of Fergus County without a jury. Thereafter the district court entered findings of fact and conclusions of law to the effect that decedent owed the hospital the amount in question, that the sons took possession of and distributed his estate in excess of $4,000 in assets, that in so doing they became trustees for the benefit of decedent's creditors, and that they are individually liable to the plaintiff for the amount of the unpaid hospital bill. Judgment was entered accordingly in favor of plaintiff in the amount of $2,154.35 plus accrued interest. Defendants appeal from this judgment.

Two underlying issues for review are presented by this appeal: (1) Did the district court err in finding that defendants had disposed of assets of decent exceeding $4,000? (2) Did the district court err in concluding that defendants became trustees for the benefit of the creditors of decedent, specifically plaintiff, and holding defendants personally liable for the creditor's claim?

The first issue requires no extended discussion. The district court found "that in disposing of the assets of the said Howard C. Gee they handled in excess of $4,000.00". The evidence shows that defendants received in cash at least $4,212.65 belonging to their father consisting of payments of accounts receivable, royalties, and dividends. Their disbursement of some of these monies to pay decedent's funeral expenses, debts, and collection fees in no way reduces the amount they handled in disposing of their father's assets. The district court was correct in this finding.

The second issue is the principal issue in this case. It correctly involves two inter-related issues: (1) Did defendant become involuntary trustees of decedent's assets for the benefit of his creditors? and (2) Can an individual creditor of a decedent recover a personal judgment against the heirs of an estate

346

based upon the latter's disbursement of the assets of the estate without probate proceedings?

■ All the property of an intestate decedent, both real and personal, is chargeable with payment of his debts. Section 91-2801, R.C.M.1947. Such property passes immediately upon his death to his heirs subject to (1) the control of the district court and (2) the possession of any administrator appointed by the court. Section 91-402, R.C.M.1947; Lamont v. Vinger, 61 Mont. 530, 202 P. 769. Thus, in the sense that decedent's property is subject to the payment of his debts and the title of his heirs is subject to that burden, decedent's property may be said to be impressed with a trust for the benefit of his creditors. Bancroft's Probate Practice 2d § 2, p. 5; Madison v. Buhl, 51 Idaho 564, 8 P.2d 271.

■ But does this authorize a single creditor to recover a judgment against the heirs at law individually on the theory that they breached their duties as involuntary trustees by dissipating the assets of the estate without the benefit of probate rendering them individually liable to him as the beneficiary of the trust? Not at all.

It must be noted that the instant suit is brought by one of many creditors for its sole benefit. This case is in no sense a class action brought for the benefit of all creditors. Although plaintiff claims a right of action as the beneficiary of an involuntary trust and seeks to impose a personal liability on the heirs for breach of that trust, the heirs still hold the remainder of the cash assets of the estate in their individual names which would be subject to immediate execution upon plaintiff's judgment. Thus that which is properly part of the assets of decedent's estate is, in effect, available for payment of a personal liability of the heirs.

■ There are still other more practical reasons why plaintiff cannot prevail. In effect, the plaintiff has circumvented the Montana probate code. That code provides statutory priorities for the payment of the debts of an estate. Section 91-3601,

R.C.M.1947. As applied to this case, a statutory priority for expenses of last illness of $500 is payable before the lien of the Department of Public Welfare in the total amount of all assistance paid which in turn has priority over payment of last illness expense exceeding $500. Plaintiff's claim for hospitalization cannot be sued upon until it is first presented to the administrator for allowance:

"No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the * * *''.

Section 91-2711, R.C.M.1947.

Here, plaintiff seeks to ignore the rights of other creditors and establish a preference for its claim to which it is not entitled. Plaintiff's contention that the probate statutes are inapplicable because plaintiff does not seek payment from the assets of the estate but instead seeks to impose a personal liability on the heirs for breach of trust in untenable for the reason heretofore noted.

Plaintiff has a clear remedy for enforcement of its rights under the probate code. It may apply for letters of administration as a creditor. Sectiin 91-1401, R.C.M.1947. After the district court appoints its nominee or someone else having a higher preference to such appointment, such administrator has the right and duty to collect the assets of the estate (section 91-3201, R.C.M.1947), including the right of action against any person alienating any of the property of decedent prior to administration. Section 91-2301, R.C.M.1947. There is no requirement of bad faith or intent to deprive the estate of such property in order to impose liability on the alienor under this statute, expressions to the contrary in Regional Agricultural Credit Corporation of Spokane, Wash. v. Chapman, CCA 9, 129 F.2d 435, reversing D.C.Mont. 38 F.Supp. 604, notwithstanding. Thereafter plaintiff may present its claim for hospitalization expense to the administrator for approval. Section 91-2701, R.C.M.1947; Davis v. Estate of Davis, 56 Mont. 500, 185 P. 559. If approved by the administrator and judge, plain-

348

tiff is paid according to the statutory priorities. If rejected, plaintiff may institute an action against the administrator for payment. Section 91-2709, R.C.M.1947.

Thus plaintiff's rights are fully protected under the probate code, and he may not institute an individual action in equity directly against the heirs for his own benefit without regard to the rights of other creditors. Public policy, as well as the orderly administration of the property and affairs of a decedent, dictates this result. In view of the rights and remedies of the creditor under the Montana probate code, we hold that the common law rights and remedies of a creditor against an executor de son tort are an anachronism superseded by statute, although some western states still recognize this fiction and liability based thereon. See Bancroft's Probate Practice 2d § 378.

This case is a classic example of "How to Avoid Probate" worthy of inclusion in the recent best seller of that name. At the same time, it graphically demonstrates the desirability and necessity of probate to insure fair treatment of all persons interested in the handling and disposition of a decedent's property.

Accordingly, the judgment of the district court is reversed. The district court is directed to notify forthwith the public administrator of Fergus County to file a petition for letters of administration of the estate of Howard C. Gee, deceased, within 15 days of receipt of such notification. Thereafter, the district court shall proceed to appoint an administrator and probate such estate according to statute.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN CONWAY HARRISON and BONNER, concur.