GRIMES, Judge.
This case comes to the court by way of certified questions relating to the authority of a curator appointed under Section 732.-21, Florida Statutes, F.S.A.
From the statement of facts accompanying the certificate, it appears that a curator was appointed for the Estate of John G. Tanner pending a dispute over the certain wills purportedly executed by the decedent. Following the issuance of letters of curatorship, the curator published a notice to creditors, but did not obtain a specific order from the court authorizing the publication. Within six months of publication, Theda Powell filed a claim against the estate. An objection to the claim was filed by Mr. Tanner’s heirs at law within eight months following publication of this notice. The curator also filed an objection to the claim within the same time period, but no order was entered specifically authorizing the curator to file the objection. Both objections were served upon Theda Powell.
The contest over the decedent’s wills was ultimately resolved. Since no suit had *579 been brought on the claim of Theda Powell even though more than a year had elapsed since the service of the objections upon her, the curator filed a petition seeking to strike the claim from the record. The court declined to grant the petition because of its concern over the effectiveness of the curator’s publication of notice to creditors without prior court authorization.
The following questions were certified to this court:
“First Question:
1. Does a Curator of an estate of a decedent, who died on November 6, 1970, appointed by order entered in the County Judge’s Court In Probate on February 18, 1971, and to whom Letters of Curatorship issued on February 26, 1971, have authority, without order of court, to publish notice to creditors pursuant to F.S. Section 733.15, F.S.A.?
Second Question:
2. Did a Curator of an Estate of a decedent who died on November 6, 1970, appointed by Order entered in the County Judge’s Court, In Probate, on February 18, 1971, and to whom Letters of Curatorship issued on February 26, 1971, have authority, without order of court, to file objections to a claim against the Estate, within eight months after first publication of Notice to Creditors which was published by the Curator, without order of court authorizing him to publish such notice ?
Third Question:
3. Where Curator, appointed on February 18, 1971 and to whom Letters of Cura-torship were issued on February 26, 1971, published Notice to Creditors without order of Court authorizing him to do so, the first publication of which said Notice to Creditors was made on March 6, 1971, and Claimant filed claim on August 20, 1971, and Curator, filed Objection to such Claim on November 4, 1971, without order of court authorizing him to do so, and duly served such objection on claimant, is claimant barred, by failure to file suit, to establish such claim as provided by F.S. Section 733.18, F.S.A. within the time limited by such statute?
Fourth Question:
4.Where Curator, appointed on February 18, 1971, and to whom Letters of Cura-torship were issued on February 26, 1971, published Notice to Creditors without order of court authorizing him to do so, the first publication of which notice was made on March 6, 1971, and claimant filed claim on August 20, 1971, and heirs at law of decedent and their attorney filed objection to such claim on October 12, 1971, and duly served such objection on the claimant, is claimant barred, by failure to file suit, to establish such claim within the time limited by F.S. Section 733.18, F.S.A.?”
Counsel for the heirs acknowledges that the case of In re Estate of Sale, Fla.1969, 227 So.2d 199, places considerable doubt upon the authority of a curator to publish a notice to creditors, even with a court order. We do not interpret that case as holding that a curator could not publish an effective notice to creditors, so long as he had a prior court order authorizing him to do so. However, unless there has been a change in the law since that decision was rendered, its rationale would seem to dictate a negative answer to the first question.
Counsel suggests that this change in the law occurred when the Supreme Court adopted the Florida Rules of Probate and Guardianship Procedure, effective subsequent to Sale but prior to the date of Mr. Tanner’s death. Under Rule 5.020(c), the word “personal representative” is defined as a general term referring to a fiduciary and includes, among others, a curator. Counsel then refers to Section 733.15, Florida Statutes, F.S.A., which provides that a personal representative, after taking out letters testamentary or. of administration, shall cause a notice to credi *580 tors to be published. Thus, the argument goes that since the curator is now by definition a personal representative, he is authorized in the ordinary performance of his duties and without a specific order to publish a notice to creditors. Implicit in this contention is that since the curator is now a personal representative, that portion of the statute referring to letters testamentary or of administration should be read to emcompass letters of curatorship. In essence, it is said that Rule 5.020 changed the rationale of Sale wherein the Supreme Court had differentiated between a curator and a personal representative.
We do not read Rule 5.020 as having this effect. The rule simply gives a definition of a personal representative as used in those rules. It does not express an intention to change the function of a curator any more than it does the function of an executor or a guardian. Each has specific responsibilities to perform. As stated in Sale, “. . .a Curator is ordinarily appointed only as a temporary expedient to take possession of and preserve the assets of the estate until a personal representative may be appointed. . . .” The fact that the Supreme Court adopted some rules of procedure relating to probate and guardianship did not bring about a change in either the purpose for or the duties of a curator.
In fact, there is nothing in the Rules of Probate and Guardianship which specifically refers to the duties of a curator. The authority to appoint a curator and the delineation of his authority continues to be in Section 732.21, Florida Statutes, F.S.A., which directs a duly appointed curator to take charge of the assets of an estate until letters are issued. Subsection (3) of that statute further provides:
“Upon special orders of the county judge from time to time, the curator may be authorized to perform any duty or function of an administrator or executor.”
We construe this to mean that upon a specific order of the judge, a curator may be authorized to publish a valid notice to creditors. In absence of such an order, a curator’s notice to creditors is a nullity, and the new Probate and Guardianship Rules have not changed this result. Therefore, the first certified question is answered in the negative.
The same reasoning dictates a negative answer to the second and third certified questions. Without a specific order, the curator could not have filed a valid objection.
The fourth question requires further consideration. In spite of the fact that the curator had no authority to publish a notice to creditors, Theda Powell filed a claim against the estate. While the curator’s objection to this claim was a nullity, the decedent’s heirs also filed an objection. Section 733.18, Florida Statutes, F.S.A., permits any person interested in an estate to file written objections to claims, and Section 731.03(9), Florida Statutes, F.S.A, defines heirs as interested persons. Therefore, it would appear that the claim and the objection filed by the heirs would be valid unless they were prematurely filed, i. e,, not “within six months from the time of the first publication of the notice to creditors” in the case of the claim,[1] and not “on or before the expiration of eight calendar months from the first publication of notice to creditors” in the case of the filing of the objection.[2]
To put it another way, could a claim have been filed and could a valid objection to the claim have been filed by the heirs even though no legal notice to creditors had been published? After all, the purpose of the non-claim statute is to give notice, and Theda Powell did file a claim.
There is authority in other jurisdictions for permitting the filing of claims prior to the publication of a notice to creditors. *581 Davis v. Davis’ Estate, 1919, 56 Mont. 500, 185 P. 559; Lowry v. Crandall, 1938, 52 Ariz. 501, 83 P.2d 1003. In the latter case, the court quoted the following statement from 11 Cal.Jur., Section 425:
“. . . ‘Presentation Before Notice to Creditors. — While a creditor is not bound to present his claim until after publication of the notice required by the statute, the statute does not require a presentation to be postponed until after the publication. The holder may anticipate such publication, and present his claim prior thereto. It is not the publication of notice which is the prerequisite to the maintenance of an action on a claim, but it is the proper presentation of the claim and its rejection. The only effect of a failure to publish proper notice to creditors is to extend the time for presentation of the claim until due and proper notice shall be given. And if the notice to creditors has not been published, a creditor may present his claim for allowance within the proper time after publication. * * * ’ . . . ”
In Chatlos v. Overstreet, Fla.1960, 124 So.2d 1, the Supreme Court held that a suit attacking a tax assessment could be filed before the assessment became final (providing administrative remedies had been exhausted) in spite of Section 192.21, Florida Statutes, which provided that:
“ . . . [N]o assessment shall be held invalid unless suit be instituted within sixty days from the time the assessment shall become final. . . . ”
The court said:
“The language of the act is, however, susceptible, upon reason and authority, of a different construction, as providing only a terminal limitation upon the right to institute suit. ‘The term “within” as defined in numerous cases set forth in 45 Words and Phrases, Cumulative Pocket Part, means “not longer in time than” or “not later than.” “Within” does not fix the first point of time, but the limit beyond which action may not be taken. . . "
The pertinent language of Section 733.-16(1) relating to the filing of claims is identical to that construed in Chatios. The language of Section 733.18(2) dealing with objections differs, but is more easily susceptible to the interpretation that a filing prior to the date upon which the tolling period begins would be valid.
We, therefore, construe these sections to permit the filing of a claim and the filing of an objection by the heirs prior to the publication of a valid notice to creditors. The statute requires suit to be filed on a claim to which objection has been made within two months after service of the objection. In the absence of a showing of good cause why this time period should be extended, the failure of Theda Powell to sue bars her claim, even though the statute of nonclaim has not yet run as to other potential creditors. The fourth certified question is answered in the affirmative.
MANN, C. J., and McNULTY, J., concur.

. Section 733.16(1), Florida Statutes (1971), F.S.A.

. Section 733.18(2), Florida Statutes, (1971), F.S.A.