[No. 4563.]

A. J. LOWELL AND WM. H. KELLY *v.* H. KIER AND G. HAGENMEYER, EXECUTORS OF THE WILL OF E. J. WHIPPLE, DECEASED.

SPECIFIC PERFORMANCE OF CONTRACT.—An action to compel the specific performance of an agreement to convey real estate may be brought within two years after the time the cause of action accrues, and the time is not shortened by the facts that the person bound to convey dies, and executors of his will are appointed more than one year before the action is commenced.

APPEAL from the District Court, Seventh Judicial District, County of Mendocino.

In September, 1872, E. J. Whipple agreed verbally with S. Mitchell to sell and convey to him a lot of land at Kibbesilla, Mendocino County, for one hundred dollars, and Mitchell paid him the money and took possession and put permanent improvements on the lot.　Whipple died in October, 1872.　In November, 1872, Mitchell sold to the plaintiffs.　The defendants were appointed executors of the will of Whipple, on the 23d of November, 1872.　This was an action to compel the executors to convey the lot to the plaintiffs, commenced April 16, 1874.　The defense interposed was, that the action was barred by section 353 of the Code of Civil Procedure.　The section provides that if a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters.　The plaintiffs had judgment, and the defendants appealed.

*R. McGarvey,* for the Appellants.

The action should have been commenced within one year after the issuing of letters testamentary.

*Burch & Griffith,* for the Respondents.

The plaintiffs' action is not barred by the Statute of Limitations.　Section 339 of the Code of Civil Procedure permits the plaintiffs to bring their action within two years from the time the cause of action accrued, and section 353 of the Code of Civil Procedure, upon which appellants rely, is intended " to prolong, but not to curtail the period for suing in the given category." (*Smith* v. *Hall,* 19 Cal. 86.)

By the Court:

The action to compel the specific performance of the agreement mentioned in the complaint was brought within the period limited for its commencement against Whipple, had he lived.

It is not barred merely because it was not brought within one year after the issuance of letters to the defendants.

The first clause of section 353 of the Code of Civil Procedure, while it may under some circumstances prolong the time originally limited, cannot operate in any case to shorten it.

Judgment and order affirmed.