[No. 8,813. Department Two.—March 20, 1885.]

A. B. NALLY ET AL., APPELLANTS, v. GEORGE H. McDONALD, EXECUTOR, ETC., OF ANNA McDONALD, DECEASED, RESPONDENT.

ESTATE OF DECEDENT—PRESENTATION OF CLAIMS—REJECTION BY JUDGE—STATUTE OF LIMITATIONS.—Where a claim against the estate of a deceased person is presented to the executor, and allowed by him within ten days after its presentation, no action can be maintained thereon until ten days after its presentation to the judge, unless he rejects it within that period, and consequently the statute of limitations does not run against the claim between the date of its presentation to the executor and that of its rejection by the judge.

ID.—NEGLIGENCE IN PROSECUTION OF CLAIM.—Unless barred by the statute of limitations, the right of action against the estate of a deceased person cannot be lost by reason of the negligence of the claimant in the prosecution of his claim.

ID.—LOST CLAIM—JUDGE MAY APPROVE COPY.—If a claim against the estate of a deceased person be lost, after its allowance by the executor, the judge may approve a copy thereof.

APPEAL from a judgment of the Superior Court of Mendocino County.

Action on a promissory note. The facts are sufficiently stated in the opinion of the court.

*Henley & Oates*, and *E. J. Moore*, for Appellants.

The allowance of the claim by the executor arrested the operation of the statute of limitations. (Code Civil Proc., §§ 1491, 1493, 1496, 1498, 1569; *Beckett* v. *Selover*, 7 Cal. 241.)

*Rogers* v. *Gillaspie*, for Respondent.

The judge had no authority to approve a copy of the claim after the loss of the original. (Code Civil Proc., § 1496.)

SHARPSTEIN, J.—This is an appeal from a judgment, and the questions presented by the record relate to the order sustaining the defendant's demurrer to the plaintiffs' complaint.

One of the grounds of demurrer is that the right of action is barred by section 337 C. C. P.

The allegations on which this is based are that defendant's testate made a promissory note which had not been paid in full at the date of her death; and that a claim for the balance was duly presented to, and allowed by, her executor within four years after said note fell due; but was not presented to the judge of the Superior Court for allowance within that period; and that he rejected it. The claim was presented to and allowed by the executor within the time prescribed by section 1493 C. C. P.; and the code provides that after a claim has been allowed by an executor or administrator, it must be presented to the judge of the Superior Court for his approval. But it does not prescribe the time within which it must be presented to such judge. It, however, does provide that "if the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time." (Id. § 1496.) The provision of the code relied on to sustain the alleged bar of the statute of limitations reads as follows: "No claim must be allowed by the executor or administrator, or by a judge of the Superior Court, which is barred by the statute of limitations." (Id. § 1499.) And the respondent contends that this claim, when presented to the judge, was barred, because the note on which it was founded fell due more than four years before it was presented to the judge, notwithstanding its presentation to and allowance by the executor within four years after it became due.

To sustain that contention it must be assumed that the running of the statute was not interrupted by the presentation of the claim to the executor, and his allowance of it, within four years after a right of action accrued on it. The holder of the claim could not have maintained an action on it until after it had been presented to the executor. (Id. § 1500.) And as the executor allowed it within ten days after its presentation to him,

no action could be maintained on it until ten days after its presentation to the judge, unless he rejected it within that period. So that the action on the claim was stayed by statutory prohibition from the date of its presentation to the executor to that of its rejection by the judge, and the intervening time " is not part of the time limited for the commencement of the action." (Id. § 356.)

Excluding that time from the computation, the action was commenced within four years after a right of action accrued on the claim ; and the demurrer ought not to have been sustained on the ground that the right of action set out in the complaint was barred by section 337 C. C. P. And if not barred by the statute, we think the right of action cannot be held to be lost by reason of the negligence of the plaintiffs in the prosecution of the claim on which the action is founded.

We think in the title of the action it appears quite as clearly as in the body of the complaint, that the defendant is sued as executor of the estate of Anna McDonald, deceased.

It appears by the complaint, that after the allowance of the claim by the executor, he offered to present it to the judge for allowance, and that the offer was accepted by the plaintiffs, and in the language of the complaint, " That said claim was accordingly then and there intrusted to said McDonald, who failed and neglected to file the same, and who, as plaintiffs believe, either lost or destroyed it. That it cannot now, after the utmost endeavor, be found. The plaintiffs have searched the files of said probate court for said claim, have interrogated the said McDonald as to its whereabouts, and have been unable to find it" ; and that a copy of said lost claim, verified by the oaths of Barnes and Nally, plaintiffs, with a copy of the allowance thereof by the executor, was duly presented to the judge of the Superior Court, and by him rejected.

In addition to the ground that the claim, when presented to the judge, was barred by sections 337 and 1499 C. C. P., which we have already considered, it is urged that the judge could not allow the claim, because it purported to be a copy of the claim on which the executor had indorsed his allowance. The demurrer, of course, admits that the papers presented to the judge were true copies of originals which had been lost or de-

stroyed.    That being so, we think the judge was bound to treat them the same as if they had been the originals.    Section 1496 C. C. P., in our opinion, has no bearing upon this question.

Judgment reversed and cause remanded, with directions to the court below to overrule the demurrer to the complaint, with leave to the defendant to answer within ten days after being notified thereof.

THORNTON, J., and MYRICK, J., concurred.