[Civ. No. 3750.   Second Appellate District, Division One.—November 10, 1921.]

WM. H. HARRIS, Respondent, v. MOUNT WASHINGTON COMPANY (a Corporation), et al., Defendants; FLORENCE A. ANDREWS, Executrix, etc., Appellant.

[1] ESTATES OF DECEASED PERSONS—ASSIGNED CLAIM—VERIFICATION AND PRESENTATION BY ASSIGNEE—RIGHT OF ACTION UPON REJECTION.—An assignee of a contract demand may properly make and verify the claim on the account as against the estate of a deceased person, and if the claim is rejected, suit may be brought thereon by either the claimant or his subsequent assignee, and in the latter event no new demand is required to be made against the representative of the estate.

[2] ID. — STATUTE OF LIMITATIONS. — An action on a rejected claim brought within four years after the maturity of the debt and within the time required by section 1498 of the Code of Civil Procedure is not barred by the statute of limitations.

[3] ID.—FINDINGS.—A failure to find in direct terms that an action is barred by the statute of limitations is not a ground for complaint, where facts are found which show that the action is not so barred.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John W. Shenk, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Willedd Andrews, S. W. Odell and Tanner, Odell & Taft for Appellant.

Alfred Wright for Respondent.

JAMES J.—Appeal by defendant executrix from a judgment entered in favor of the plaintiff.

J. E. Marsh was a guarantor on a promissory note executed by the Mount Washington Company in favor of the Title Insurance and Trust Company.   The note was payable one day after date and was executed on April 15, 1916. On the first day of April, 1917, Marsh died and on the thirtieth day of July of the same year Florence A. Andrews was appointed executrix under the will.   She qualified on August 2, 1917, and caused notice to creditors to be pub-

lished. The date of the first publication of said notice was June 19, 1919. There being owing on account of the promissory note mentioned the sum of $7,727.98, the Title Insurance and Trust Company on the fifteenth day of January, 1920, assigned to D. A. Anderson, one of its employees, its claim against Marsh's estate, and on the twentieth day of January, 1920, Anderson presented to the executrix a claim in due form showing all of the facts required to be set forth under the provisions of sections 1494 and 1497 of the Code of Civil Procedure. The claim was rejected by the executrix on the day of its presentation, whereupon Anderson reassigned the claim to the Title Insurance and Trust Company, which in turn, and on the first day of February, 1920, assigned and transferred the same to the plaintiff. At the trial proof was made of the amount of the claim and the fact that there were no offsets existing either as against the nominal plaintiff or the original payee of the note, and that no security had been given. It is the contention of appellant that the Title Insurance and Trust Company should have made proof of the claim, and that the assignment to Anderson and his verification of the demand did not entitle suit to be brought after rejection of the claim. The second point made is that the subsequent assignment to plaintiff did not carry with it the right to prosecute this action. The point of the latter contention is that this plaintiff, in order to maintain suit, must have made a claim against the estate in the manner provided by the code. The third contention relates to the statute of limitation, it being insisted that the action was barred by reason of provisions of section 353 of the Code of Civil Procedure. [1] We think that the Title Insurance and Trust Company had a plain right to assign its contract demand against the estate of Marsh, and that the assignee was entitled to make proof of the claim as he did. In the claim as filed the executrix was given full information as to the nature of the demand and the conditions of the obligation. The assignment to Anderson was made for the purposes of collection merely. Such assignment, nevertheless, was effective to transfer the legal title to the demand (*Greig* v. *Riordan,* 99 Cal. 316 [33 Pac. 913] ; *Hopkins* v. *Contra Costa Co.,* 106 Cal. 566 [39 Pac. 933]), and at the same time there was preserved to the

estate, under those conditions, the right to urge any equities. which it might hold as against the payee of the note. There existed no such equities and the court so found. Counsel for appellant have not directed our attention to any authorities sustaining the contention that an assignee of a contract demand may not properly make and verify the claim on the account as against the estate of a deceased person, and we think that none are to be found. The demand constituted a chose in action of an assignable kind: "Assignability of things in action is now the rule; nonassignability the exception; and this exception is confined to wrongs done to the person, the reputation, or the feelings of the injured party, and promises of a purely personal nature." (*Rued* v. *Cooper,* 109 Cal. 682 [34 Pac. 98]; *Simmons* v. *Zimmerman,* 144 Cal. 256 [1 Ann. Cas. 850, 79 Pac. 451]; 2 Ruling Case Law, p. 395; Civ. Code, sec. 954.) Upon the rejection of the claim by the executrix the claimant became entitled to bring suit thereon. This right could be exercised by the claimant Anderson or his subsequent assignee. No new demand was required to be made against the executrix, who had already been fully and formally apprised of the facts constituting the claim. The plaintiff as a subsequent assignee was a holder of the claim within the meaning of section 1500 of the Code of Civil Procedure.

[2] Defendant pleaded, as stated, the further defense that the cause of action was barred by the provisions of section 353 of the Code of Civil Procedure. It is not contended but that the action was brought within the four years after maturity of the debt evidenced by the promissory note, or that the action was not brought within the time required by section 1498 of the Code of Civil Procedure, after rejection of the claim. Under this state of facts, plainly the right to prosecute the suit was not lost by limitation. Section 353 covers a case where the ordinary period of limitation has run against a cause of action after the death of a debtor, in which case the time for commencing the action is extended to include the end of the period of one year ensuing after the issuance of letters testamentary or of administration. [3] Another complaint made by appellant under this head is that the trial judge failed to make a finding on the affirmative plea of the statute of limi-

tation. It is true that a finding was not made in direct terms negativing the plea in the form it was made, but the court did, in the findings, set forth the several dates of the different proceedings had in the *Estate of Marsh,* and further recited that "within the time required by law, to wit: on the 20th of January, 1920," claim was presented to the executrix and rejected on the same day, notice of which rejection was given to Anderson, the claimant. From the facts found it appears that the plea as to the bar of the statute was not sustained by the evidence. "The court did not find in direct language that the action was not barred by the statute, but it found facts which show that it was not so barred. . . . If the truth or falsity of each material allegation can be demonstrated from the finding, the law is complied with." (*Ready* v. *McDonald,* 128 Cal. 663 [79 Am. St. Rep. 76, 61 Pac. 272]. See, also, *Woodham* v. *Cline,* 130 Cal. 499 [62 Pac. 822] ; *Millard* v. *Council Legion of Honor,* 81 Cal. 340 [22 Pac. 864].)

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1922.

All the Justices concurred, except Lawlor, J., who was absent.