[Civ. No. 4862. Second Appellate District, Division One.—February 21, 1927.]

ANNIE FIFIELD, Appellant, v. WILLIAM H. BULL-WINKEL, as Executor, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIM PRIOR TO PUBLICATION OF NOTICE TO CREDITORS—ACTION ON REJECTED CLAIM — STATUTE OF LIMITATIONS.—A claimant against an estate may anticipate publication of notice to creditors and present his claim prior thereto; and without regard to the time of publication of notice to creditors, the period of three months as limited by section 1498 of the Code of Civil Procedure, within which the claimant must bring his action upon a rejected claim, begins to run on the date when the executor first gives to the claimant written notice of such rejection.

(1) 24 C. J., p. 782, n. 87, 98, p. 783, n. 99.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. A. McKay and Allan Brant for Appellant.

Richardson & Johnson for Respondent.

CONREY, P. J.—The action is brought by plaintiff against the executor of the last will and testament of Henry William Hedemann, deceased, to recover the amount of a claim on a debt owing by decedent to claimant, which was rejected and disallowed by the executor. The original complaint in the action was filed on the eighth day of September, 1923. The case came on for trial upon the issues presented by the amended complaint and the answer thereto. Upon the facts established by the evidence produced at that time, the court

1. See 11 Cal. Jur. 729.

dismissed the action upon the ground that the action was barred by the provisions of section 1498 of the Code of Civil Procedure.

Sections 1490, 1491a, and 1492 of the Code of Civil Procedure are likewise pertinent to the discussion of the stated grounds of the present appeal. It is required (section 1490) that the executor publish a notice to creditors requiring presentation of their claims. This publication must be made not less than once a week for four weeks. Section 1491a reads as follows: "Within thirty days after the first publication of notice to creditors, the executor or administrator must file or cause to be filed in the court a printed copy of said notice to creditors accompanied by a statement, setting forth the date of the first publication thereof and the name of the newspaper in which the same is printed." It is further required (section 1492) that after the notice is given, a copy thereof, with the affidavit of due publication, be filed; and that upon such affidavit or other testimony an order be made showing that due notice to creditors has been given, and directing that such order be entered in the minutes. After some further regulations concerning the presentation of claims and the allowance or rejection thereof, the code, at section 1498, provides that when a claim is rejected by an executor or administrator, or by the judge, "written notice of such rejection shall be given by the executor or administrator to the holder of such claim or to the person filing or presenting same, and the holder must bring suit in the proper court against the executor or administrator within three months after the date of service of such notice if the claim be then due . . . otherwise the claim shall be forever barred."

[1] Counsel for appellant state that the only question involved on this appeal is whether this action, commenced on September 8, 1923, was barred by said provisions of section 1498. The record shows that the executor having been duly appointed and qualified, published a notice to creditors beginning on April 16, 1923, but failed to file any copy of such notice and a statement of publication thereof, within thirty days after April 16th. On April 26th, the plaintiff presented her claim, which was rejected on May 4th, and notice of rejection was served on the plaintiff May 5, 1923. Thereafter the executor caused a second notice to creditors to be

published and the first publication of said notice was on June 9, 1923. Thereafter, and within thirty days, the executor caused a copy of said notice, and a statement of publication, to be filed as required by section 1491a of the Code of Civil Procedure. On June 27, 1923, the plaintiff again presented her claim, which was rejected in like manner as before. Notice of this rejection was given to the holder on July 10, 1923. Thereafter on July 13, 1923, a decree establishing notice to creditors was duly entered.

If the three months' time allowed plaintiff for bringing her action as provided by section 1498 of the Code of Civil Procedure began to run on May 5, 1923, the action came too late. But if, as she contends, such time did not begin to run until July 10, 1923, her right of action was not barred at the time when the action was commenced. The merits of the appeal depend upon the answer to the question thus presented.

It has been held that the provisions of section 1491a of the Code of Civil Procedure requiring that a copy of the notice to creditors, together with a statement of the date of first publication thereof, be filed within thirty days after such first publication, is mandatory and not merely directory. (*Hawkins* v. *Superior Court,* 165 Cal. 743 [134 Pac. 327].) From this it may be argued that when said requirement has not been fulfilled, the publication of notice is wholly ineffectual, and that a subsequent publication must be made, and that such subsequent publication must be deemed the original publication of notice to creditors in such estate. We are not aware of any decision directly to this point. But the question becomes immaterial, if the claimant is entitled to anticipate publication of notice to creditors and present his claim prior thereto. And it appears that this may be done. (*McCann* v. *Pennie,* 100 Cal. 547, 552 [35 Pac. 158].) This being so, it follows that without regard to the time of publication of notice to creditors, the period of three months as limited by section 1498 of the Code of Civil Procedure, within which the claimant must bring his action upon a rejected claim, begins to run on the date when the executor first gives to the claimant written notice of such rejection.

The judgment is affirmed.

Houser, J., and York, J., concurred.