[Civ. No. 8524. First Appellate District, Division One.—September 27, 1932.]

In the Matter of the Estate of JAMES R. GARNETT, Deceased. MINNIE F. BARNARD, Executrix, etc., Appellant, v. BANK OF WILLOWS (a Corporation), Respondent.

H. L. McAllister and J. S. Josselyn for Appellant.

Cross & Brandt, Carroll F. Byrd and H. C. Bell for Respondent.

LANDIS, J., *pro tem.*—The appeal is by the executrix of the above-entitled estate from that part of an order of the said superior court made in connection with the settlement of the first account of the executrix ordering that a certain claim of the Bank of Willows, a corporation, allowed, approved and filed in said court for the sum of $4,843.77 constitutes a valid and subsisting claim against said estate.

On February 16, 1923, the said deceased made, executed and delivered to said Bank of Willows, a corporation, two promissory notes, each of said notes made payable six months after date, one note in the principal sum of $3,140 and one in the sum of $2,419, secured by mortgage. On January 19, 1927, the deceased died. On February 17, 1927, Minnie F. Garnett, now Minnie F. Barnard, was duly appointed executrix of the estate of her said deceased husband. On May 6, 1927, said Bank of Willows presented its claim upon said two promissory notes to said executrix, and no further step was taken by said bank. The claim was allowed by the executrix November 3, 1927, and approved by the court and filed December 2, 1927. The notes would normally outlaw August 16, 1927.

Appellant contends that this case involves the following two legal questions, to wit: (1) Did or did not the filing of the alleged claims of the Bank of Willows, with said executrix, on the sixth day of May, 1927, stop the tolling of the statute of limitations (sec. 337, Code Civ. Proc. of the state of California)? (2) Did the executrix of the said estate of James R. Garnett, deceased, and/or the said court, have sufficient and/or any legal right or authority to so or at all allow and/or approve the said alleged claim of the Bank of Willows, on the third day of November, 1927, and the second day of December, 1927, respectively?

Appellant urges and takes the position that normally and under the general statute of limitations the notes would have outlawed August 16, 1927, and contends that the claim having been filed May 6, 1927, not allowed by the executrix until November 3, 1927, and not approved by the court until December 2, 1927, therefore, since the mere filing of the

claim with the executrix did not toll the statute of limitations, the claim was barred by the statute of limitations when allowed by the executrix and approved by the court, and could not have been legally allowed by the executrix or approved by the court because of the provision of section 1499 of the Code of Civil Procedure (now section 708, Probate Code), which in part reads as follows: "No claim which is barred by the statute of limitations shall be allowed or approved by the executor or administrator, or by the Judge."

Appellant also contends that although respondent could have prevented the running of the statute of limitations by filing an action on the claim prior to the expiration of one year, which was February 16, 1928, and suing after the issuance of letters testamentary, it failed to do so.

Respondent concedes that the mere filing of the claim with the executrix would not toll the statute of limitations and that no outlawed claim could legally be approved by the executrix or the judge, but contends that because of the provisions of section 353 of the Code of Civil Procedure, which in part provides as follows: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time and within one year after the issuing of letters testamentary or of administration," the claim was not barred by the statute of limitations, and that it was not necessary to file an action on the claim prior to February 16, 1928, in order to prevent the running of the statute of limitations.

Respondent further contends that in this case, therefore, respondent had one year from and after February 17, 1927, the date letters testamentary were issued, within which to have its claim allowed and approved, and that the claim having been allowed by the executrix November 3, 1927, and approved by the court and filed December 2, 1927, which was within the said year, was within the time allowed.

In undertaking to meet this situation and contention of respondent, appellant takes the position that section 353, as above quoted, does not extend the time for the allowance and approval of claims, but only extends the time for bring-

ing an action upon the claim. In other words, in effect the position of appellant appears to be that section 353 does not extend the power of the court to approve the claim within the year, although the claim has been allowed by the executrix, but does extend and give the court a power to award a judgment thereon if action is brought within the year.

This brings us to the point where it becomes necessary to interpret the meaning of the provisions of section 353 of the Code of Civil Procedure, at least to the extent of determining whether it relates exclusively to the commencement of actions or relates to and extends the time for presenting or filing claims against an estate, which would otherwise be barred by the general statute of limitations.

In the case of *Wallace* v. *Gable,* 209 Cal. 10, page 12 [285 Pac. 309, 310], wherein, as against the contention of respondent that the general statute of limitations is extended by section 353, appellant contended that section 353 relates exclusively to the commencement of actions, and does not relate to or extend the time for presenting or filing claims against an estate, and that the claim was barred under the general statute before the claim was presented and that presentation of a valid claim is a condition precedent to bringing an action, the court stated that: "Reliance is placed upon the case of *Morrow* v. *Barker,* 119 Cal. 65 [51 Pac. 12]. That case holds that no suit may be brought on a claim unless the claim be presented within the time limited by the notice to creditors. In that case the claim was presented after the time limited in the notice. In the instant case the claim was presented within the time mentioned in the notice to creditors and the claim and the action were both filed within one year after the appointment of the executors. We think the purpose and meaning of section 353 of the Code of Civil Procedure is to extend the time within which to present claim and bring an action in the event of rejection. Since section 353 of the Code of Civil Procedure expressly extends the time for bringing an action, a presentation of a claim at any time before action is barred is within time, provided it be filed within the time provided in the notice to creditors. Such was the view of this court, apparently, in the case of *Barcley* v. *Black-*

*ington,* 127 Cal. 189 [59 Pac. 834, 835]. In that case the claim was presented to the administrator within one year after the death of the intestate, but suit was not brought thereon within the year allowed by section 353 of the Code of Civil Procedure. That year expired on March 2, 1897, and the action was not brought in time. However, the court said: 'After the 2d day of March, 1897, the claim was barred by the statute of limitations and, therefore, neither the administrator nor the court had the power to allow it,' thus assuming that section 353 of the Code of Civil Procedure extended the time for filing claim as well as the time for bringing an action.''

In this case the claim was presented within the time mentioned in the notice to creditors and was presented before the action was barred, and the claim having been allowed by the executrix and approved by the court, there was no necessity to file an action on the claim. It follows that, guided by the above-mentioned rules, it is clear that the executrix had the authority to allow the claim on November 3, 1927, and that the court did not err in approving the claim on December 2, 1927, and subsequently ordering and decreeing that the claim in question constituted a valid and subsisting claim against said estate.

The portion of the order of the trial court appealed from is, therefore, affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 27, 1932.