[Sac. No. 5011. In Bank.—July 31, 1936.]

BANK OF AMERICA (a Corporation), Appellant, v. MAGGIE THOMAS, as Administratrix, etc., Respondent.

Louis Ferrari, Lounibos, Schwobeda & McGoldrick and Lounibos, McGoldrick & Lounibos for Appellant.

Livingston G. Scott and F. W. Kellogg for Respondent.

WASTE, C. J.—Plaintiff presented to the defendant, as administratrix of the estate of her deceased husband, two claims based on promissory notes secured by mortgage. No action being taken by the administratrix, plaintiff elected to regard the claims as rejected, and brought suits to recover the amounts alleged to be due. The trial court held the claims were barred by the statute of limitations, and gave judgment for the defendant. Plaintiff has appealed.

The principal, and only material, question for consideration, based on the facts is: Did the failure of the administratrix to give notice to creditors of this estate toll the general statute of limitations as against obligations that matured after the death of the intestate?

Appellant's bill of exceptions notes no exception to the evidence in any particular, and contains no specification of error in regard to the evidence. We therefore give only a synopsis of the facts necessary to a conclusion of the legal question just stated. The decedent died February 4, 1925. His wife was duly appointed and qualified as administratrix of the estate, but did not publish notice to creditors. The two notes, subjects of the claims presented, were executed in 1923, and matured April 7, 1925, and November 8, 1925, respectively. The two claims based on the notes were not presented until August 4, 1933, eight years after the date of maturity, and not until they were each barred by the statute of limitations. (Code Civ. Proc., sec. 337.)

In attempted justification of bringing this action and this appeal, the appellant argues that the failure of the

administratrix to publish notice to the creditors of the estate tolled the general statute of limitations in favor of it, the holder of the notes. The argument must fail. The facts fully sustain the bar of the four-year statute. Not having been presented as required by law, the claims were "barred forever". (Probate Code, sec. 707.) Even though this were a case in which the notes were due when the maker died, appellant could not find any comfort in or relief under section 353 of the Code of Civil Procedure, for the claims were not presented or filed or action on them brought within one year after the issuing of the letters of administration. The fact that notice to creditors was not published does not affect the general statute of limitations, such publication being merely a probate proceeding. (*McMillan* v. *Hayward*, 94 Cal. 357, 361 [29 Pac. 774]; 11A Cal. Jur., pp. 727, 728.) The claims were barred by the statute of limitations when presented. Therefore, the administratrix could not approve or allow them. (Probate Code, sec. 708.) They were therefore barred when this suit was brought.

The judgment is affirmed.

Thompson, J., Shenk, J., Curtis, J., and Seawell, J., concurred.