[S. F. No. 18539. In Bank. Dec. 15, 1953.]

WILLIAM BERGER, Appellant, v. MAURICE O'HEARN, as Administrator, etc., Respondent.

William Berger, in pro. per., W. L. A. Calder and Abraham Glicksberg for Appellant.

Samuel L. Fendel, Sol Silverman, James A. Toner and William W. Coshow, for Respondent.

EDMONDS, J.—William Berger, assertedly a creditor of the estate of V. B. McMahan, brought this action after his claim had been rejected. The administrator's demurrer to the complaint was sustained without leave to amend. The question presented for decision upon Berger's appeal from the judgment thereafter entered concerns the applicability of a general statute of limitations.

According to Berger's complaint, in 1945 McMahan became indebted to him upon an account stated and suit was commenced to recover the amount of the debt. That action since has been dismissed for lack of prosecution. McMahan died in 1947, and letters of administration were issued to Maurice O'Hearn. In February, 1948, within the prescribed statutory time, Berger presented a claim against the estate, based upon the pending suit. No further action in regard to the claim was taken by either party until more than three years later. Berger was then given formal written notice that it had been rejected and shortly afterward he filed the present action.

In support of the demurrer, the administrator asserts that the complaint, on its face, shows the bar of the statute of limitations.

The period of limitation applicable to the claimed indebtedness is four years, commencing at the time the account was stated. (Code Civ. Proc., § 337[2].) Unaffected by the intervening death of McMahan, the final date upon which Berger could commence an action upon the debt would have been November 13, 1949.

As a general rule, in the absence of a specific statute to the contrary, the intervening death of an obligor does not toll a general statute of limitations upon an accrued cause of action. (See *Tynan* v. *Walker*, 35 Cal. 634, 638 [95 Am. Dec. 152]; Wood, Limitations [4th ed.] § 6; 34 Am.Jur., Limitation of Actions, § 212, p. 170.) It has been recognized, however, that such a rule often may result in hardship to creditors whose right of action might expire between the debtor's death and the commencement of administration of the estate. Accordingly, in many states statutes have been enacted which extend the limitation period so as to give the creditor an opportunity to bring an action against the personal representative. (See note, 174 A.L.R. 1423.)

■ Section 353 of the Code of Civil Procedure provides: "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." In effect, this section gives a claimant a period of grace of one year from the issuance of letters in any case in which the general statute of limitations would have expired before the end of such period.

■ The administrator correctly contends, however, that section 353 does not aid Berger because the time fixed by the general statute of limitation did not expire until more than one year after the death of McMahan. The provision is applicable only when necessary to extend the general statute of limitations and cannot be used to curtail it. (*Lowell* v. *Kier*, 50 Cal. 646, 648; *Harris* v. *Mount Washington Co.*, 55 Cal.App. 144, 146 [202 P. 903].)

■ Berger takes the position that section 714 of the Probate Code also may operate to extend the general statute of limitations. Uniformly, however, the decisions of this state have held that section 353 of the Code of Civil Procedure is the sole provision affecting the period of limitation upon a cause of action in the event of a disability resulting from the death of the person liable. Section 714 and similar provisions of the Probate Code are concerned strictly with matters of probate procedure. (*Bank of America* v. *Thomas*, 7 Cal.2d 154, 156 [59 P.2d 990]; *Barclay* v. *Blackinton*, 127 Cal. 189, 193-194 [59 P. 834]; *McMillan* v. *Hayward*, 94 Cal. 357, 361 [29 P. 774]; *Dodson* v. *Greuner*, 28 Cal.App.2d 418, 421-422 [82 P.2d 741]; see *Scott Stamp & Coin Co.* v. *Leake*, 9 Cal.App. 511, 515 [99 P. 731].)

In *Barclay* v. *Blackinton, supra,* the decision was based upon facts identical in all material respects with those shown by the present record. It was contended that section 714 of the Probate Code (formerly Code Civ. Proc., § 1498) increased the time for suing upon a claim to three months after its rejection. After a review of the authorities in other jurisdictions, the court pointed to the prevailing rule that general statutes of limitation, and special or "nonclaim" statutes similar to section 1498, serve different functions and operate independently of each other. (Citing 2 Woerner's American Law of Administration, § 400; see also *ibid.* [3d ed.] § 400,

p. 1320.) A nonclaim statute "may shorten but cannot be held to lengthen the general statute of limitations." (P. 193; accord *Gray Realty Co.* v. *Robinson*, 111 Utah 521 [184 P.2d 237]; *Malone* v. *Averill*, 166 Iowa 78 [147 N.W. 135].)

Relying upon *Estate of Caravas,* 40 Cal.2d 33 [250 P.2d 593], Berger argues that the statute of limitations was tolled during the period in which the claim was not acted upon by the administrator. Apparently his argument is based upon section 356 of the Code of Civil Procedure, which provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

In the Caravas case, a nonresident alien, as heir of her son's estate, petitioned to recover certain property which had been distributed to the state treasurer pursuant to section 1027 of the Probate Code. The trial court denied the petition on the ground that the action was filed more than five years after the distribution of the estate and thus was barred by section 1026 of the Probate Code.

This court reversed the judgment. It was held that during a substantial part of the five-year period the country of the petitioner's resident was occupied by an enemy of the United States and, by the Trading With the Enemy Act (50 U.S.C.A. Appendix § 2), she was disabled from instituting a proceeding to enforce her rights in the estate. Accordingly under sections 354 and 356 of the Code of Civil Procedure, the period of disablement was excluded from the time fixed by the limitation provision of section 1026.

No such disablement appears in the present case. Berger had more than one year after letters of administration were issued to O'Hearn in which to enforce his claim. ■ He could have presented his claim at any time after letters were issued, regardless of whether notice to creditors had been published (*Janin* v. *Browne,* 59 Cal. 37, 43), and brought his action after 10 days from the date his claim was presented. (Prob. Code, § 712; *San Francisco Bank* v. *St. Clair,* 47 Cal.App.2d 194, 199-200 [117 P.2d 703]; *Ratterree Land Co.* v. *Security-First Nat. Bank,* 26 Cal.App.2d 652, 657 [80 P.2d 102].) ■ Although during the 10-day period before an action could be commenced the general statute of limitations would have been suspended (*Nally* v. *McDonald,* 66 Cal. 530, 532 [6 P. 390]), Berger's complaint was filed more than one year and a half after the statute had run.

Berger's final contention is that the filing of a claim with the probate court itself amounted to the commencement of an action within the meaning of the statute of limitations. However, section 350 of the Code of Civil Procedure expressly states that "[a]n action is commenced, within the meaning of this title, when the complaint is filed." *Beckett v. Selover,* 7 Cal. 215, 241 [68 Am.Dec. 237], was decided prior to the enactment of section 350, and the contrary dictum in that decision no longer is correct. (See *Maurer v. King,* 127 Cal. 114, 117 [59 P. 290]; *Barclay v. Blackinton, supra,* p. 194; *Estate of Garnet,* 126 Cal.App. 344, 346 [14 P.2d 572].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

I disagree with the construction placed, by the majority, upon the statutes in question. In the main, that construction is based upon the old case of *Barclay v. Blackinton,* 127 Cal. 189 [59 P. 834], which was decided in 1899 before the amendment to section 1498 (now Prob. Code, § 714) of the Code of Civil Procedure.

The chronology of the factual situation as disclosed by the record is as follows:

The obligation here involved was incurred shortly prior to December 6, 1945.

The defendant died in July, 1947.

Letters of administration were issued on his estate in August, 1947.

Plaintiff's creditor's claim was filed February 3, 1948, within the statutory time.

Written notice of the rejection of the claim was given to plaintiff on February 20, 1951.

Present action commenced by plaintiff on claim on April 18, 1951.

General four-year statute limitation expired in November, 1949.

Section 353 of the Code of Civil Procedure provides that an action may be commenced against the legal representative of a deceased person within one year after the issuance of letters testamentary or of administration. Section 712 of the Probate Code provides that if the executor or administrator

neglects or refuses to allow or reject a claim for ten days after its filing, it may be deemed rejected on the tenth day. Section 714 of the Probate Code provides that within three months after written notice of rejection of a claim, suit must be brought thereon.

As above seen, a claim was duly filed in the instant case on February 3, 1948; formal notice of rejection of the claim was given to plaintiff on February 20, 1951, some three years after the claim was filed. After receipt of the formal notice of rejection of his claim, plaintiff promptly began his action; the general statute of limitations ran on the obligation in November, 1949. Section 712 of the Probate Code provides that the claimant may at his "option" deem the claim rejected on the tenth day; the section is not mandatory, but permissive. Section 714 of the Probate Code provides that suit must be brought on a claim within three months after formal written notice of rejection. Sections 710 and 711 (claims filed with clerk and claims presented to executor or administrator) provide that the executor or administrator *must* allow or reject the claims. The executor or administrator *must* either allow or reject the claim, but if he does not do so the claimant, at his own option, may await his action which, if it be to reject the claim, then gives the claimant three additional months in which to bring an action. To so construe the sections makes them harmonious. To construe them, as is done in the majority opinion, has the effect of rendering nugatory the optional provision in section 712, the mandatory provisions of sections 710 and 711 and the three months' provision in section 714. For example, a claim is filed within the time allowed and is not acted upon by the administrator or executor. If the claimant, at his option, decides not to deem the claim rejected but desires to await the action of the executor or administrator, relying upon the three months' provision in section 714, he will, if the general statute has run in the interim, find himself without a remedy. Since the sections (710 and 711) provide that action *must* be taken by the administrator or executor, section 712, which gives the claimant an option to deem it rejected in 10 days, can have no purpose but to permit (not to compel), *if desired,* action for recovery on the claim prior to action by the representative of the deceased rejecting the claim.

*Barclay* v. *Blackinton, supra,* 127 Cal. 189, 193, which is factually similar to the case under consideration, had this to

say: "It is said that under the Code of Civil Procedure, section 1498 [now Probate Code, § 714], the plaintiff had three months after the claim was formally and officially rejected by the administrator in which to bring his action. We do not so construe the statute. The section may shorten but cannot be held to lengthen the general statute of limitations. The special limitation of time within which suit must be brought against the estates of deceased persons are called in many states statutes of nonclaim or of short or special limitation. These limitations exist independent of and collateral to the general law of limitations. (2 Woerner's American Law of Administration, sec. 400, and cases cited.)" Ten years after the decision in the Barclay case was handed down, section 1498 (now Prob. Code, § 714) was amended so as to provide that written notice of the rejection of a claim "shall be given by the executor or administrator to the holder of such claim." Prior to that amendment, no written notice of rejection had been provided for before the three months' period for suit on the claim commenced to run. In *Estate of Wilcox*, 68 Cal. App.2d 780, at page 785 [158 P.2d 32], it was specifically held that the first part of section 714 of the Probate Code was a statute of limitations. In *Fifield* v. *Bullwinkel*, 81 Cal.App. 440, at page 442 [253 P. 962], it was held that ". . . it follows that without regard to the time of publication of notice to creditors, the period of three months as limited by section 1498 [Prob. Code, § 714] of the Code of Civil Procedure, within which the claimant must bring his action upon a rejected claim, begins to run on the date when the executor *first gives to the claimant written notice of such rejection.*" (Emphasis added.)

This section (Prob. Code, § 714) deals expressly and specifically with the bringing of an action upon a rejected claim in probate. The remedy there afforded is conditioned only upon the claimant commencing his action within three months after receipt of notice of rejection from the executor or administrator. There is no requirement that the action must be brought within one year after the issuance of letters testamentary or of administration. To hold, as is held by the majority, that the action must be brought within a year from the issuance of letters, or within the period of the general statute of limitation, is to render nugatory not only the three months' period provided for by section 714 but the mandatory provisions of section 712 of the Probate Code relating to

notice of allowance or rejection of claims by the executor or administrator.

The rule is well established that all of the statutory provisions in all of the codes must be read together and harmonized if possible. As stated by this court in *In re Porterfield*, 28 Cal.2d 91, at page 100 [168 P.2d 706, 167 A.L.R. 675]: "It is a well-recognized rule that for purposes of statutory construction the codes are to be regarded as blending into each other and constituting but a single statute. [Citing cases.]" It would seem that under this rule the provisions of the Code of Civil Procedure relating to the time within which actions must be commenced should be so construed as to give effect to the above cited provisions of the Probate Code relating to the approval and rejection of claims against estates of deceased persons and the commencement of an action for recovery of a rejected claim. The majority opinion gives no consideration to the above-mentioned rule.

In my opinion, the rule of the Barclay case which was laid down in 1899, should be restated in the light of the present statutes as well as in the light of present day conditions. It is placing too great a burden on attorneys today to hold that they *must* deem a claim rejected and commence an action thereon at the close of the 10-day period provided for in section 712 of the Probate Code or run the risk of their client's claim being barred by a general statute of limitation; it is also not in harmony with the provisions of that section and those of section 714 of the same Code.

Under the interpretation placed on the above-mentioned statutes by the majority opinion it would be possible for the general statute of limitation to run either before a claimant had an opportunity to present his claim against the estate of a deceased debtor or before he could bring suit on the claim after presentation of it, but that situation does not exist in this case. However, the statute should be construed so as to afford a remedy to a claimant under any factual situation which might arise.

I would, therefore, reverse the judgment.

Appellant's petition for a rehearing was denied January 11, 1954. Carter, J., was of the opinion that the petition should be granted.