[Civ. No. 48262. Second Dist., Div. Four. Sept. 23, 1976.]

CHARLES L. EPPS, Plaintiff and Appellant, v.
CHARLES RUSSELL, Defendant and Respondent.

**COUNSEL**

Bodle, Fogel, Julber, Reinhardt & Rothschild, Daniel Fogel, Loren R. Rothschild and Joel N. Klevens for Plaintiff and Appellant.

Charles L. Crouch, Jr., and David J. Prager for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Plaintiff appeals from an order vacating a judgment entered in his favor under section 1710.10 et seq. of the Code of Civil Procedure. For the reasons set forth below we reverse the order.

On May 4, 1965, plaintiff obtained a judgment against defendant, in a Texas court, for a substantial amount of money. That judgment has long since become final. On April 29, 1975, plaintiff filed an application, pursuant to section 1710.15 of the Code of Civil Procedure, for the entry of a California judgment based on that Texas judgment. On May 9, 1975, pursuant to section 1710.25, the clerk of the superior court entered a judgment in accordance with the application. On July 17, 1975, notice of the entry of that judgment, required by section 1710.30, was personally served on defendant. On August 15, 1975, defendant, pursuant to section 1710.40, filed a motion to vacate that judgment. The motion to vacate was heard and, on September 29, 1975, it was granted. This appeal followed. We reverse.

The Sister State and Foreign Money Judgments Act (Code Civ. Proc., §§ 1710.10-1710.65) provides a simplified alternative to the common law action of *debt sur record* for establishing a foreign money judgment as a judgment enforceable in this state. Under section 1710.40, a judgment entered by the clerk pursuant to an application therefor, may be vacated "on any ground which would be a defense to an action in this state on the sister state judgment." (Code Civ. Proc., § 1710.40, subd. (a).) Stripped of its verbiage, the principal ground urged by defendant in support of his motion to vacate was that the 10-year statute of limitations (Code Civ. Proc., § 337.5, subd. 3) applies to, and bars, plaintiff's proceeding. We reject that contention.

▇ So far as we are advised, this is a case of first impression. Plaintiff argues that the filing of the application under section 1710.15 is the equivalent of the filing of a complaint in an action on the judgment and that, under long settled principles, such a filing stops the running of a statute of limitations. Defendant, relying on *Berger* v. *O'Hearn* (1954) 41 Cal.2d 729 [264 P.2d 10], argues that the statute of limitations continued to run until the clerk actually entered the judgment under section 1710.15—in this case on a date five days after the 10-year period. *Berger* is not in point; it held only that the filing of a claim in probate was not the equivalent of the filing of an action on that claim as required by the Probate Code.

Assuming, as defendant argues, that a special proceeding, such as is herein involved, should be treated in strict accord with the special statute creating it, we find nothing in the act expressly setting forth a special statute of limitations. The closest statutory language, and language favoring the plaintiff, is the requirement, in paragraph (1) of subdivision (b) of section 1710.15, that the application must include "[a] statement that an action in this state on the sister state judgment is not barred by the applicable statute of limitations." That requirement, necessarily, speaks as of the date of the application, not as to some indefinite future date. We can see no reason why, absent an express statute of limitations in the act before us, the rule of section 363 of the Code of Civil Procedure that "[t]he word 'action' as used in this Title is to be construed, whenever it is necessary so to do, as including a special proceeding of a civil nature" does not apply here, making the general rules concerning the filing of civil actions the rules to be applied here.

## II

▇ Defendant contends that plaintiff is barred because he did not, within the 10-year period, comply with the provisions of sections 681 and 685 of the Code of Civil Procedure. The contention is falacious. The cited sections deal with the procedure to secure the execution and enforcement of a judgment. But a sister state judgment is not, by itself, enforceable in California. It is only after the sister state judgment has been made a California judgment that any form of execution or enforcement can be had. To the extent that the cited sections have any applicability, they gave plaintiff 10 years after May 9, 1975, within which to effect a levy on the California judgment of that date.

### III

■ Defendant contends that the order can be supported on the alternative ground that the notice of entry was not "promptly served." We reject that contention for two reasons:

(1) Subdivision (a) of section 1710.40, quoted above, sets forth the only statutory ground for a motion to vacate. Delay of service is not therein set forth.

(2) The delay here was only a little over two months; it is fully explained, without contradiction, by the affidavits showing that defendant either was not available for service or was deliberately avoiding service; defendant relies only on the period of delay without suggesting any prejudice to him. Defendant's time to move to vacate ran from the date of service of the notice, not from the date of entry. On the facts before us, any implied finding of undue delay is without support in the evidence.

### IV

The record discloses that, on March 24, 1975, the original 1965 judgment was "revived" in accordance with Texas practice. Since we conclude that plaintiff's application was timely filed to enforce the original—1965—Texas judgment, we need not, and do not, consider the effect, or the validity, of that revival proceeding.

The order appealed from is reversed.

Dunn, J., and Jefferson (Bernard), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 18, 1976.