721 F.2d 1272
 James H. MARX, Plaintiff-Appellee,
v.
GO PUBLISHING COMPANY, INC., Defendant-Appellant.
 No. 82-5296.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 30, 1983.
Decided Dec. 15, 1983.
 
 Felice Cutler, Cutler & Cutler, Los Angeles, Cal., Gerald P. Greiman, Greensfelder & Greiman, P.C., Washington, D.C., for plaintiff-appellee.
 Philip R. Linsley, Nemecek, Gonzalez & Linsley, Sherman Oaks, Cal., for defendant-appellant.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN, KENNEDY and ALARCON, Circuit Judges.*
 PER CURIAM:
 
 
 1
 We address on this appeal how the federal statute for registration of judgments from other districts interacts with a counterpart California statute and with the California statute of limitations.
 
 
 2
 Marx obtained judgment against Go Publishing in 1971 in the United States District Court for the District of Columbia. The judgment was unsatisfied, and in 1980 Marx registered it in the United States District Court for the Central District of California, pursuant to 28 U.S.C. Sec. 1963. In 1982 Marx commenced proceedings in the latter court to enforce the judgment. The district court rejected Go Publishing's limitations defense, and Go Publishing now appeals. We affirm.
 
 
 3
 The California period of limitations for enforcement of judgments is ten years. See Cal.Code Civ.Proc. Sec. 681. Go Publishing invoked the statute as a bar to the proceedings. The issue is whether registration under 28 U.S.C. Sec. 1963 creates a new judgment for statute of limitations purposes, giving the judgment-creditor ten years from the date of registration in which to satisfy the judgment. Under analogous California law, the ten year period for a valid and enforceable judgment of a sister state runs anew from the time of its filing in the state superior court, provided that at the time of registration the judgment is not then time barred and other requisites of the statute are fulfilled. Sister State and Foreign Money Judgments Act, Cal.Code Civ.Proc. Secs. 1710.10-1710.65; Cal.Code Civ.Proc. Sec. 337.5; Epps v. Russell, 62 Cal.App.3d 201, 133 Cal.Rptr. 30 (1976). Go Publishing argues, however, that this state rule is inapplicable where a district court judgment is registered under the federal statute. We disagree.
 
 
 4
 The California statute provides for registration of judgments of sister states, and the provisions of 28 U.S.C. Sec. 1963 are its federal analogue. We discern no reason why the statute of limitations rule of the state should not apply to the federal proceeding. The registration of the district court judgment under 28 U.S.C. Sec. 1963, the judgment not then being time barred, Cal.Code Civ.Proc. Sec. 337.5, commenced anew the running of the applicable statute, which is Cal.Code Civ.Proc. Sec. 681.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel is unanimously of the opinion that oral argument is not required in this case. Fed.R.App.P. 34(a)