[No. D014475. Fourth Dist., Div. One. Mar. 30, 1992.]

KEN MERRILL et al., Plaintiffs and Appellants, v.
TAMAR FINBERG, as Executor, etc., et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts IV and V.

**COUNSEL**

Shaffman, Iler, Palkowitz & Doft, Arthur M. Palkowitz and Kenneth H. Stone for Plaintiffs and Appellants.

Seltzer, Caplan, Wilkins & McMahon, Jennifer L. King and Donald A. English for Defendants and Respondents.

**OPINION**

**FROEHLICH, J.**—Appellants Ken Merrill et al. (hereinafter referred to as claimants) appeal from a judgment dismissing their action after the trial court sustained a general demurrer to their first amended complaint without leave to amend. The trial court ruled the complaint was barred by the statute of limitations under Probate Code[2] section 9353, subdivision (a), because claimants failed to file their complaint within three months after the estate rejected their creditor's claim.

On appeal, claimants contend: (1) the "notice of rejection" was ineffective because it was improperly served; (2) the notice of rejection was ineffective because it lacked certain information; and (3) even had the notice been effective, the complaint pleaded facts showing the estate was estopped to rely on the statute of limitations defense. After reviewing the facts, we will address claimants' claims seriatim.

I. *Facts*

██ The material facts stated in the complaint, which we accept as true for purposes of evaluating whether claimants have stated a claim for relief (*Air Quality Products, Inc.* v. *State of California* (1979) 96 Cal.App.3d 340, 347-348 [157 Cal.Rptr.791]), reflect that Fred Finberg died in early 1990. In June 1990, claimants filed a claim with the estate. The administrator of the estate promptly rejected the claim in its entirety, and mailed notice of the rejection to the claimants on June 28, 1990. Claimants' attorney, who was listed as attorney on their initial claim, was not served with a copy of the notice rejecting the claim.

---

[2]All statutory references are to the Probate Code unless otherwise specified.

On July 31, 1990, claimants' attorney contacted the attorney for the estate and was orally informed the claim had been rejected. Claimants' attorney asked the estate's attorney for documentation showing the rejection had been filed, but he was never provided such documentation. Claimants' attorney was unaware of the date the notice of rejection was filed.

Claimants filed their complaint on October 19, 1990, seeking damages against the estate.

## II. *The Demurrer*

The estate demurred to the first amended complaint on the basis of statute of limitations.[3] Claimants opposed the demurrer, arguing the notice of rejection was defective because (1) it was served directly on the claimants rather than on their attorney, and (2) it did not contain the estimated value of the decedent's estate as required by section 9250, subdivision (c)(5), but merely stated the value was "[n]ot yet determined." Claimants also argued that even had the notice of rejection been technically sufficient, the complaint pleaded facts showing the estate was estopped to rely on the statute of limitations.

The court ruled the notice of rejection was sufficient and validly served and the complaint failed to plead facts sufficient to raise estoppel. After judgment was entered dismissing the complaint, claimants timely appealed.

## III. *The Notice of Rejection Was Properly Served*

■ Claimants principally complain that because they used the services of an attorney to file their claim, any notice of rejection had to be served on the attorney. They further contend the estate's failure to serve the attorney in this case rendered section 9353, subdivision (a)'s statute of limitations inapplicable to their claim.

We disagree because the plain language of the statutory scheme requires that the notice of rejection be served *on the creditor*. Section 9250, dealing with allowance or rejection of creditors' claims, specifies that "[t]he allowance or rejection shall be in writing [and] [t]he personal representative shall file the allowance or rejection . . . *and give notice to the creditor as provided in Section 1215 . . . .*" (§ 9250, subd. (b), italics added.) The plain language

---

[3]Specifically, section 9353, subdivision (a) provides that a claim is barred unless the creditor commences an action within three months after the executor rejects the claim. The three-month period commences on the date the executor first gives written notice of the rejection. (*Fifield* v. *Bullwinkel* (1927) 81 Cal.App. 440, 442 [253 P. 962].)

of the statute belies claimants' argument the notice is to be mailed to someone other than the creditor.

Moreover, the language of section 1215 requiring that the notice be given to the creditor states the notice shall be mailed "as provided in this section." (§ 1215, subd. (a).) Notice sent under section 1215 must be deposited in the mail "addressed to the person to whom it is mailed" (§ 1215, subd. (c)); and, unless the person's address is unknown, the notice "shall be *addressed to the person at the person's place of business or place of residence.*" (§ 1215, subd. (d), italics added.) Since these provisions contemplate service on the person at his home or business, and do not mention service upon any other person (such as an attorney representing his interests), it appears the statute contemplates that the notice be served directly on the creditor.[4] (Accord, see *Pac. Gas etc. Co.* v. *State Bd. of Equal.* (1955) 134 Cal.App.2d 149, 151-155 [285 P.2d 305] [specific statute requiring notice of rejection of claim for refund be served on claimant "at his address" has control over Code of Civil Procedure section 1015; such statute does not require that notice be served on attorney who filed request for refund on claimant's behalf].)

Claimants argue, however, that section 1000 provides that the rules of practice "applicable to civil actions" must be followed, and that Code of Civil Procedure section 1015, requiring service on the attorney, is such a rule. We decline to apply that section. First, section 1000 is a rule of default and adopts the civil practice rules only where special rules are *not* prescribed. (See Cal. Law Revision Com. com., 52 West's Ann. Prob. Code, § 1000 (1991 ed.) p. 358; [Deering's Ann. Prob. Code § 1000 (1991 ed.) p. 255].) The Probate Code *does* provide specially applicable rules for notice, and therefore the default provisions do not apply. Second, the cited provision of the Code of Civil Procedure, requiring service on the attorney, applies to cases ". . . where *a party* has an attorney in the action . . . ." (Code Civ. Proc., § 1015, italics added.) We know of no authority, nor have claimants cited any, holding that merely filing a creditor's claim renders the creditor a "party" to the probate proceedings.

---

[4]Claimants' argument that service on the creditor should be construed to mean service on the creditor when he is unrepresented, or on his attorney when he is represented, seeks to add a proviso which the Legislature has omitted. We are loath to add language to a statute, under the guise of interpretation, when the statutory scheme shows the Legislature itself could have added such language if it so intended. Such is the case here. Section 1215 is contained in division 3, part 2 of the Probate Code. That same part, which broadly governs notices in probate proceedings, contains another section by which the Legislature specifically provides that notices of hearings be given to persons who have appeared in the proceeding, and if they have appeared by attorney, "the notice shall be mailed to the attorney." (§ 1220, subd. (a)(2)(B).) Thus, the notice provisions of the Probate Code show the Legislature was well aware of how to express an intent that notices be served on attorneys when such was its intent.

IV., V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Work, Acting P. J., and Huffman, J., concurred.

.

---

*See footnote 1, *ante*, page 1443.