MONTEVERDE, MCALEE, FITZPATRICK, TANKER, AND HURD, P.C., et al.,

v.

Beverly SELNICK.

No. CV–N–98–333–ECR.

United States District Court, D. Nevada.

July 17, 1998.

Cecilia L. Rosenauer, Reno, NV, for plaintiff.

Jennifer Smith, Etta Walker, Lionel Sawyer & Collins, Reno, NV, for defendant.

## MINUTES OF THE COURT

EDWARD C. REED, Jr., Senior District Judge.

*MINUTE ORDER IN CHAMBERS*

***IT IS HEREBY ORDERED*** that Plaintiff's motion (# 13) to apply judgment debtor's

property to payment of unsatisfied judgment is **DENIED.**

The background of this case is spelled out in detail in the Bankruptcy Court's May 29, 1998 Order. Order (# 13, Ex. C). Briefly, Plaintiff was awarded a judgment of about $1.3 million against Defendant in the U.S. District Court for the Eastern District of Pennsylvania; that judgment was duly registered in this Court; and Plaintiff now seeks to execute on it by writ of execution on certain funds owed to Defendant but controlled by a Chapter 11 bankruptcy trustee. The Bankruptcy Court quashed these writs so that they would not interfere with the administration of the bankruptcy estate.

Plaintiff moved (# 13) on June 15, 1998 for entry of an order commanding Defendant to turn over the funds owed to her as soon as she gains possession of them. Plaintiff then renewed this motion on July 10, 1998(# 25), Defendant opposed (# 26), and Plaintiff replied (# 28, # 29). We appear to possess jurisdiction over this action as a federal question under 28 U.S.C. § 1963. *See Hilao v. Estate of Marcos,* 95 F.3d 848, 850 (9th Cir. 1996); *see also Marx v. Go Publishing Company, Inc.,* 721 F.2d 1272, 1273 (9th Cir.1983) (suggesting that we have "in aid of judgment" jurisdiction); *Matanuska Valley Lines, Inc. v. Molitor,* 365 F.2d 358, 359 (9th Cir.1966) (same).

 There are two problems with Plaintiff's motion. First, as a general matter execution on a civil judgment must be by writ of execution rather than by injunction and (if necessary) contempt proceedings. *Hilao,* 95 F.3d at 854. Absent "exceptional circumstances," or a procedure approved by state law, we lack the authority to enjoin Defendant regarding the money owed by her to Plaintiff. *Id.* at 855. Since Plaintiff has not made a showing either of exceptional circumstances or that an injunction of the sort sought here is permitted under Nevada law, we may not enter the order sought.

■ Second, even if we were to enter the proposed order, we could not enforce it, even by contempt proceedings, since Defendant has not been served in any manner permitted by the Federal Rules and we therefore lack personal jurisdiction over her. *In re Estate of Ferdinand Marcos Human Rights Litigation,* 94 F.3d 539, 545 (9th Cir.1996). Since an unenforceable injunction is both pointless and legally disfavored, we will not issue Plaintiff's proposed order. *Id.*

We note, however, that Plaintiff is not entirely without avenues of relief. Among other things, as suggested by the Bankruptcy Court Plaintiff may petition that Court to order the Chapter 11 trustee to file an interpleader action under 28 U.S.C. § 1335. Additionally, Nevada law permits a debtor's debtor to pay the amount of his debt to the sheriff; what happens after that is unclear from the statute, but if the Chapter 11 trustee were to do this Plaintiff would presumably be better able to execute on its judgment. Nev.Rev.Stat. 21.290.

**IT IS FURTHER ORDERED** that Plaintiff's motions for order shortening time to answer interrogatories (# 12a) and for order to show cause (# 14) are **DENIED** without prejudice.

Plaintiff has withdrawn the motion for order shortening time to answer interrogatories and does not seek an order to show cause at the present time.