**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RANDOLPH FONG; CYNTHIA YOUNG,<br><br>               Plaintiffs - Appellees,<br><br>v.<br><br>PATRICIA BEEHLER, as Co-Trustee and individually; HOW GUIN ROBERT FONG, as Co-Trustee and individually,<br><br>               Defendants - Appellants. | No. 13-17416<br><br>D.C. No. 3:13-cv-03021-EDL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted December 8, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Following remand to state court, the district court, pursuant to 28 U.S.C.

§ 1447(c), awarded plaintiff Randolph Fong $9,775 in attorneys' fees incurred as a

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

result of removal of an inheritance dispute to federal court. On appeal, defendants Patricia Beehler and Robert Fong argue that the district court abused its discretion in awarding fees because there was an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

The district court did not err in concluding that Patricia Beehler and Robert Fong lacked an objectively reasonable basis for believing that there was complete diversity. Co-petitioner Cynthia Young and defendant Robert Fong were both California citizens. Young had been a party to the state proceedings prior to removal since at least July 30, 2012, when she filed a petition in state court. Young was described as a petitioner in both Randolph Fong's first and second amended petitions, and she expressly joined Randolph Fong's first amended petition before the case was removed. Furthermore, as the district court noted, it was clear that the state court treated Young as a party when it granted her motion to disqualify Defendants' counsel. That Young had yet to join her brother's second amended petition at the time of removal was irrelevant.

## II

Even if complete diversity had existed, defendants Patricia Beehler and Robert Fong had no objectively reasonable basis for believing that removal was timely. 28 U.S.C. § 1446(b)(1) requires that "[t]he notice of removal of a civil action or proceeding . . . be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading." When a case is not removable initially, but a subsequent pleading makes it removable, such removal, if based on diversity, may not occur "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1). "'Commencement' in this context refers to when the action was initiated in state court, according to state procedures." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005).

Here, the civil action commenced under section 350 of the California Code of Civil Procedure on November 3, 2011, when Randolph Fong served his original petition. Patricia Beehler removed the action on July 1, 2013. Even assuming that the action had become removable as a result of the second amended petition, removal occurred well over a year after the action commenced and was therefore untimely. California case law holding that a claim against an estate does not commence an action, *see Berger v. O'Hearn*, 264 P.2d 10, 13 (Cal. 1953), is

3

inapposite as Randolph Fong's initial petition far exceeded a mere "claim against the estate," *id.* at 11.

Nor was the option to remove "revived" as a result of the second amendment petition; contrary to Defendants' suggestion, such petition was not "a completely new action." Indeed, the case maintained the same case number, referred to the same petitioners, involved the same facts, and asserted mostly the same claims. It remained, in the words of the district court, "a dispute among sibling heirs about their parent's estate."

## III

We deny without prejudice Randolph Fong's request for fees on appeal because such request must be made by separate motion "supported by a memorandum showing that the party seeking fees is legally entitled to them." 9th Cir. R. 39-1.6(b).

**AFFIRMED.**