Filed 4/30/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLIAM GOEBNER, as Trustee, etc., | |
| Petitioner, | A171241 |
| v. | |
| THE SUPERIOR COURT OF SAN MATEO COUNTY, | (San Mateo County Super. Ct. No. 23PRO01259) |
| Respondent; | |
| THOMAS R. McDONALD, | |
| Real Party in Interest. | |

Thomas R. McDonald filed a petition under the Probate Code contesting amendments to the Declaration of Trust of Judith E. Stratos 2000 Trust, including an amendment that named William Goebner as successor trustee. (Undesignated statutory references are to this code.) Two days before a noticed hearing on the petition — and more than four months after the petition had been served — Goebner filed a demurrer, seeking to dismiss McDonald's claims. The trial court overruled the demurrer as untimely pursuant to Code of Civil Procedure section 430.40, which requires a demurrer to be filed within 30 days after service of the complaint. (Code Civ. Proc., § 430.40, subd. (a).)

Goebner petitioned for a writ of mandate to vacate the trial court's order. He argues the court erred by applying the Code of Civil Procedure

1

here because the Probate Code articulates the timing for filing a demurrer in probate proceedings: "An interested person may appear and make a response or objection in writing at or before the hearing." (§ 1043, subd. (a).) Thus, Goebner argues, his demurrer was timely filed. We agree and issue the writ of mandate.

## BACKGROUND

On October 19, 2023, McDonald filed a petition challenging purported amendments to a trust created by Stratos, McDonald's grandmother. The original trust named McDonald and his sister as beneficiaries. But Stratos amended the trust a few months before her death, eliminating McDonald and his sister as beneficiaries and naming Goebner successor trustee. McDonald alleged the changes were the result of undue influence, fraud, and financial elder abuse, and he sought various remedies under section 17200 — determining the validity of trust provisions, compelling the trustee to provide an accounting, removing and replacing the trustee — and section 850 — identifying persons authorized to file petitions requesting court orders.

The same day McDonald filed the petition, he notified Goebner of a March 14, 2024 hearing to determine his claim to the property. Two days before the hearing, Goebner filed a demurrer — "Pursuant to Probate Code section 1000, and sections 430.10, et seq., of the California Code of Civil Procedure" — seeking to dismiss McDonald's claims. Attached to the demurrer was a declaration by Goebner's counsel that noted his compliance with meet-and-confer requirements in the Code of Civil Procedure. The trial court overruled the demurrer as untimely under Code of Civil Procedure section 430.40. Goebner petitioned for a writ of mandate requesting review of the ruling. We issued an order to show cause why mandate or other appropriate relief should not be granted.

2

## DISCUSSION

## I.

Writ review is warranted. Generally, writ review is unavailable to challenge a trial court's order denying a demurrer because it may be reviewed on an appeal from a final judgment — a remedy that is presumed to be adequate. (Code Civ. Proc., § 1086; *California Dept. of Tax & Fee Administration v. Superior Court* (2020) 48 Cal.App.5th 922, 929; *Stancil v. Superior Court* (2021) 11 Cal.5th 381, 393.) While " 'appellate courts are loath to exercise their discretion to review rulings at the pleading stage, they will do so where the circumstances are compelling and the issue is of widespread interest.' " (*Apple Inc. v. Superior Court* (2017) 18 Cal.App.5th 222, 239.) Writ review may be appropriate where "conflicting trial court interpretations of the law require a resolution of the conflict." (*Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1273; *County of Los Angeles v. Superior Court* (2024) 107 Cal.App.5th 160, 176.)

These criteria are fulfilled here. Currently, there appears to be no appellate authority addressing whether section 1043 or Code of Civil Procedure section 430.40 governs the timing for filing a demurrer in a probate proceeding. (*Dudek v. Dudek* (2019) 34 Cal.App.5th 154, 162 [without discussion, sustaining demurrer filed three months after probate petition was filed].) And trial courts have employed different methods of resolving this conflict. (Christo & Vrem, *Tips of the Trade: Propriety of Filing a Demurrer in Probate Court; Helpful Tips on Timing* (2020) 26 Cal. Tr. & Est. Q. [noting most superior courts follow the timing in § 1043, but "at least one California superior court likely would have overruled" a demurrer as untimely under Code Civ. Proc., § 430.40].) Writ review is thus appropriate

3

to ensure consistency in the timing for filing demurrers in a probate proceeding.

## II.

Goebner contends section 1043, which provides an "interested person may appear and make a response or objection in writing at or before the hearing," establishes the timing for making objections, such as by demurrer, in probate court. Thus, the trial court erred by finding his demurrer — filed two days before the hearing on McDonald's probate petition — untimely. By contrast, McDonald contends the Probate Code does not provide any applicable rules governing demurrers. Thus, he contends the Code of Civil Procedure's timing provisions for the filing of demurrers — "within 30 days after service of the complaint" — governs. (Code Civ. Proc., § 430.40, subd. (a).) We independently review orders overruling a demurrer and issues of statutory interpretation. (*LGCY Power, LLC v. Superior Court* (2022) 75 Cal.App.5th 844, 859.) When construing a statute, we ascertain the Legislature's intent and effectuate its purpose in enacting the statute. (*Jenkins v. Teegarden* (2014) 230 Cal.App.4th 1128, 1138–1139.) We give the statute's words their plain and usual meaning, construing them in their statutory context. (*Id.* at p. 1138.) Having engaged in that review, we conclude Goebner has the better argument.

Section 1000 provides, in relevant part, "Except to the extent that [the Probate Code] provides applicable rules, the rules of practice applicable to civil actions . . . apply to, and constitute the rules of practice" in proceedings under the Probate Code. (§ 1000, subd. (a).) This is a rule of default — that is, the Probate Code "adopts the civil practice rules only where special rules are *not* prescribed." (*Merrill v. Finberg* (1992) 4 Cal.App.4th 1443, 1447.) But resort to the Code of Civil Procedure provisions governing the time for

4

filing a demurrer is not appropriate here. Under the plain language of the Probate Code, it "*does* provide specially applicable rules" that address the timing for filing a response or objection to a petition. (*Merrill*, at p. 1447.)

Division 3, part 1, chapter 3 of the Probate Code — addressing hearings and orders — governs all probate proceedings, "except where the statute that provides for the hearing of the matter prescribes a different procedure." (§ 1040.) Within that chapter is section 1043, providing "[a]n interested person may appear and make a response or objection in writing *at or before the hearing*." (§ 1043, subd. (a), italics added.) Similarly, interested persons "may appear and make a response or objection *orally at the hearing*." (*Id.*, subd. (b), italics added.) The statute underscores that oral objections may be made initially at the hearing by noting that the "court in its discretion" may "grant a continuance for the purpose of allowing a response or objection to be made in writing." (*Ibid.*)

While the Probate Code does not expressly define "objection[s]" to include demurrers, we conclude that interpretation is appropriate. Pursuant to section 1000, we look to the Code of Civil Procedure. (§ 1000, subd. (a).) The Code of Civil Procedure recognizes that a demurrer is a form of an objection to a petition or complaint. (Code Civ. Proc., § 430.30, subd. (a) [a "ground for objection to a complaint, cross-complaint or answer" "may be taken by a demurrer to the pleading"]; see also *id.* § 430.10 [party "may object, by demurrer" on enumerated grounds]; *Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1482.) Indeed, Code of Civil Procedure part 2, title 6, chapter 3, article 1, which includes these provisions, is titled "Objections to Pleadings." Reading these Probate Code and Code of Civil Procedure statutes together, an interested party may file a demurrer to a petition under the Probate Code "at or before

5

the hearing." (§ 1043, subd. (a); *Tan v. Appellate Division of Superior Court* (2022) 76 Cal.App.5th 130, 137 [requiring courts where reasonably possible to harmonize statutes, reading them together to give effect to all provisions].) The Probate Code further addresses concerns that a party may present a demurrer at a hearing — thus placing the petitioner at a disadvantage — by allowing a court to "continue or postpone any hearing, from time to time, in the interest of justice."[1] (§ 1045.) The deadline in the Code of Civil Procedure to respond and object within 30 days after a complaint is served is inapposite.

McDonald's contrary arguments fail to persuade. First, he contends section 8251 — governing the timing for filing a demurrer in a contest to a will — not section 1043, exemplifies a special rule on demurrers to which the Code of Civil Procedure rules do not apply. But he fails to grapple with section 1040, which provides that division 3, chapter 3 of the Probate Code, titled "Hearings and Orders" — including section 1043 — governs "the hearing of *all* matters under [the Probate Code], *except where the statute that provides for the hearing of the matter prescribes a different procedure.*" (§ 1040, italics added; *Landrum v. Superior Court* (1981) 30 Cal.3d 1, 14.)

Section 8251 prescribes a different procedure for will contests. There, a will contestant must file an objection to the will probate and serve the objection with a summons to certain enumerated persons. (§ 8250, subd. (a).) Those summoned must file a written pleading in response to the objection within 30 days after the summons is served. (*Ibid*.) Section 8251 notes the petitioner or any other interested party may file an answer or demurrer to the objection within the time prescribed in the summons — 30 days. (§§ 8250, subd. (a), 8251, subd. (a).) Section 8251 thus constitutes an

---

[1] We cannot find in the record any indication that McDonald requested a continuance to respond to the demurrer.

exception to when the *Probate Code's* hearings and orders provisions apply. (§ 1040.) It is not merely, as McDonald insists, an example of a "special rule" to which the Code of Civil Procedure does not apply. Moreover, if a demurrer in a probate proceeding must be filed within 30 days of when the petition is served — as under the Code of Civil Procedure — it would render superfluous the timeline in section 8251 — filing within 30 days of when a summons is served. (Code Civ. Proc., § 430.40, subd. (a); *Young v. McCoy* (2007) 147 Cal.App.4th 1078, 1084 [avoiding statutory interpretations that would " 'render any part of a statute superfluous' "].)

Second, McDonald insists — citing no legal authority — that allowing an interested party to file a demurrer at any time at or before the hearing is absurd. (*County of Santa Barbara v. Connell* (1999) 72 Cal.App.4th 175, 180, fn. 4 [statutory language should not be given literal meaning if it results in absurd consequences unintended by the Legislature].) He contends that, under Goebner's reading of the statute, the phrase "response or objection" must include motions for summary judgment. Consequently, a party filing such a motion could simply present it orally or in writing at or before the hearing rather than adhering to the deadlines or notice requirements under Code of Civil Procedure section 437c. This argument finds no support in the statute.

Section 1043 represents a special rule of the Probate Code that governs pleadings — the filing of a response or objection, which can be made through a demurrer or an answer. (§ 1043, subd. (a); Code Civ. Proc., §§ 422.10 ["pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints"], 430.30, subd. (a) ["When any ground for objection to a complaint . . . appears on the face thereof, . . . the objection on that ground may be taken by a demurrer to the pleading"]; *id.* subd. (b) ["When any

7

ground for objection to a complaint or cross-complaint does not appear on the face of the pleading, the objection may be taken by answer"].)  The Probate Code, however, does not have any rules regarding summary judgment procedures.  (*Key v. Tyler* (2019) 34 Cal.App.5th 505, 521 ["Probate Code does not itself provide rules for . . . any other procedure for a preliminary determination of the strength of a petitioner's case prior to deciding disputed facts"].)  Yet "summary judgment proceedings in probate court are commonplace."  (*Ibid*.)  In those circumstances, the relevant provisions in the Code of Civil Procedure apply.  (§ 1000; *Swaithes v. Superior Court* (1989) 212 Cal.App.3d 1082, 1089.)

Nor does Goebner's interpretation undermine the Code of Civil Procedure meet-and-confer requirement, as McDonald warns.  The relevant statute simply requires the parties to "meet and confer at least 5 days before the date the responsive pleading is due."  (Code Civ. Proc., § 430.41, subd. (a)(2).)  While not all provisions of "the Code of Civil Procedure apply to probate proceedings," the proceedings "are to conform only *'as nearly as is consistently possible*, to those for civil actions.' "  (*Estate of Neilson* (1962) 57 Cal.2d 733, 747–748.)  Incorporating the meet-and-confer requirements to probate proceedings — consistent with the above mandate — parties should meet and confer at least five days before the probate hearing date.[2]  (§§ 1000, 1043; Code Civ. Proc., § 430.41, subd. (a)(2).)

Finally, we reject McDonald's assertion that Goebner is estopped from invoking the Probate Code deadline because his counsel met and conferred with opposing counsel in compliance with the Code of Civil Procedure prior to

---

[2] We have no occasion in this case to address whether, or how, the portion of Code of Civil Procedure section 430.41 addressing an extension of time may be harmonized with the timeline in section 1043.  (Code Civ. Proc., § 430.41, subd. (a)(2).)

filing the demurrer. McDonald's failure to supply any legal authority forfeits the argument on review. (*Osornio v. Weingarten* (2004) 124 Cal.App.4th 304, 316, fn. 7 [" 'Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived' "].)

In sum, and pursuant to section 1043, we hold a demurrer to a petition brought under the Probate Code must be filed at or before the initial hearing. Goebner's demurrer, filed two days before the initial hearing, was timely. We express no opinion about the demurrer's merits.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order overruling Goebner's demurrer as untimely and to consider the demurrer on the merits. Goebner is entitled to recover his costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a).)

_____

RODRÍGUEZ, J.

WE CONCUR:


_____

TUCHER, P. J.


_____

FUJISAKI, J.

A171241; *Goebner v. Superior Court*

10

San Mateo County Superior Court, Hon. Leland Davis, III.

Hoge, Fenton, Jones & Appel, Dennis S. Zell for Petitioner.

No appearance for Respondent.

Loew Law Group and Jeffrey R. Loew; The Law Office of Ciarán O'Sullivan and Ciarán O'Sullivan for Real Party in Interest.